**DAVID H. ANGELI**, OSB No. 020244
 david@angelilaw.com
**TYLER P. FRANCIS**, OSB No. 162519
 tyler@angelilaw.com
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

*Attorneys for Defendant W. Joseph Astarita*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| D. JEANETTE FINICUM, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>W. JOSEPH ASTARITA, et al.,<br><br>Defendants. | Case No. 2:18-cv-160-SU<br><br>**DEFENDANT W. JOSEPH ASTARITA'S MOTION TO DISMISS PURSUANT TO FRCP 4(m) AND 12(b)(5)** |

## LR-7 CERTIFICATION

Undersigned counsel for Defendant Special Agent W. Joseph Astarita has conferred with Plaintiffs' counsel, who has indicated that Plaintiffs will oppose the instant motion.

## MOTION

Pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5), Special Agent Astarita moves to dismiss the Second Amended Complaint (ECF No. 89) for insufficient service of process. This motion is supported by the Declaration of David H. Angeli filed herewith and the Memorandum in Support below.

## MEMORANDUM IN SUPPORT

### I.    BACKGROUND

Plaintiffs' original Complaint, which identified Special Agent Astarita by name, was filed on January 25, 2018. (ECF No. 1.) Plaintiffs did not even *obtain* a summons for Special Agent Astarita, much less attempt to serve it, until April 24, 2018—89 days after the Complaint was filed. (ECF No. 16.) That same day, they mailed the summons and original Complaint to Keith Ramsey, a legal assistant at the U.S. Attorney's Office for the District of Oregon—the office that was *prosecuting* Special Agent Astarita in a related criminal case at the time. (*See* Proof of Service (ECF No. 28).)

On April 25, 2018 (the final day of the 90-day service period provided under Rule 4(m)), Plaintiffs filed a motion to extend the time to serve Defendants by an additional 60 days. (ECF No. 18.) On May 1, 2018, the Court granted this motion in part, extending the time to serve Defendants to May 25, 2018, which represented an additional 30 days rather than the 60 days requested by Plaintiffs. (ECF No. 19.)

During this period, Plaintiffs had ample opportunity to serve Special Agent Astarita personally but failed even to attempt to do so. For example, all day, every day between May 21 and May 25, 2018, Special Agent Astarita was present for a *Daubert* hearing in the U.S. District Courthouse in Portland. (*See* Docket for *United States v. W. Joseph Astarita*, Case No. 3:17-CR-00226-JO (ECF Nos. 96-101).) That hearing date was widely publicized well in advance,[1] but

---

[1] *See*, *e.g.,* Maxine Bernstein, *Defense Lawyers Try to Debunk Government's 3D Reconstruction of FBI Agent's Alleged Shot*, Oregonian, Apr. 4, 2018, https://www.oregonlive.com/oregon-standoff/2018/04/defense_lawyers_try_to_debunk.html (reporting that the "hearing will be held May 21"); Maxine Bernstein, *Lawyers for Indicted FBI Agent Claim Government's Expert Analysis Based on Errors in Math*, Oregonian, May 11, 2018, https://www.oregonlive.com/oregon-standoff/2018/05/lawyers_for_indicted_fbi_agent.html

Plaintiffs made no attempt to serve Special Agent Astarita during the five-day hearing. (Declaration of David Angeli ("Angeli Decl.") ¶¶ 3-6.)

On July 19, 2018, Plaintiffs' counsel filed a "Proof of Service," stating that Plaintiffs' April 24, 2018 mailing to the U.S. Attorney's Office constituted valid service of process on Special Agent Astarita. (ECF No. 28.)

That same day, this Court held a status conference in this matter. At the hearing, Plaintiffs' counsel represented to the Court that all Defendants had been served, but recognized that there would likely be disagreement on whether service was validly effectuated. (7/19/2018 Tr. at 23:3-17.) Counsel for several other Defendants then alerted the Court that Plaintiffs' counsel was incorrect, and that many of the Defendants in this matter had in fact not yet been served. (*Id.* at 23:18-24:14.) Accordingly, the Court granted Plaintiffs—over the objection of one of the Defendants—an additional 15 days "to accomplish service on those parties who have not been served" and to list for the Court each Defendant and the date they were served. (*Id.* at 24:15-22; 25:14-16; 25:20-26:13.) The Court cautioned Plaintiffs' counsel that it would not grant further extensions beyond this 15-day period. (*Id.* at 24:18-19.)

Over the next 15 days, Plaintiffs again had ample opportunity to personally serve Special Agent Astarita. Special Agent Astarita's criminal trial on issues closely related to Plaintiffs' allegations began on July 24, 2018, and continued for the entirety of every weekday through August 10, 2018. (*See* ECF Nos. 154, 156, 160, 162, 164-167, 169, 171, 173-174, & 176-177).) Plaintiffs and their counsel attended the trial. (*See* Plaintiffs' Supplemental Memorandum in Support of Motion to Amend (ECF No. 85) at 15; 8/30/18 Tr. at 14:16-20, 16:1-2, 24:3-4.)

---

(reporting that, despite defense counsel's request for additional time, Judge Jones had "held firm on the May 21 hearing date").

PAGE 3 – DEFENDANT W. JOSEPH ASTARITA'S MOTION TO DISMISS PURSUANT TO FRCP 4(m) AND 12(b)(5)

Despite literally sitting in the same room with Special Agent Astarita for over two weeks, Plaintiffs' counsel made no attempt whatsoever to serve him. (Angeli Decl. ¶¶ 3-6.)

On August 2, 2018, Plaintiffs mailed a summons and a copy of the Amended Complaint "to the FBI Director Christopher Wray at the FBI headquarters located at 935 Pennsylvania Avenue NW Washington, D.C. 20535."[2] (*See* Report of Service (ECF No. 51) at 6).)

On August 3, 2018, Plaintiffs filed a Report of Service, once again purporting to verify that Special Agent Astarita had been served via Plaintiffs' April 24, 2018 mailing to the U.S. Attorney's Office. (ECF No. 51 at 6.)

On August 29, 2018, Plaintiffs moved for Entry of Default against Special Agent Astarita. (ECF No. 60.) The Court denied this motion at a hearing held the very next day, and set a deadline for all Defendants to answer or otherwise appear by October 29, 2018. (ECF No. 61.) This deadline, however, was vacated on October 18, 2018, after Plaintiffs' filed a Motion for Leave to File Second Amended Complaint. (ECF No. 73.)

On November 2, 2018, undersigned counsel appeared for a limited purpose at the hearing on Plaintiffs' motion for leave to amend the Complaint. At that hearing, counsel for Special Agent Astarita explained to the Court that Special Agent Astarita had not been served. (Angeli Decl. ¶ 7.) In the months that followed, Plaintiffs' counsel again did nothing (to undersigned counsel's knowledge) to effect service on Special Agent Astarita.

---

[2] It is unclear whether Plaintiffs even mailed Special Agent Astarita's summons to Director Wray in August 2018, or rather merely included the *FBI's* summons in that mailing. Although Plaintiffs promised that a "Return of Service w[ould] be filed with the Court upon return of receipt from the United States Postal Service" (ECF No. 51 at 6), it does not appear that any such Return of Service (or anything else showing what was actually mailed to Director Wray, or who signed for that mailing) was ever filed.

On April 1, 2019, the Court granted Plaintiffs' motion for leave to file the Second

Amended Complaint, and ordered Plaintiffs to effect appropriate service on all Defendants, if

they had not already been served. (ECF No. 88 at 6-7.) Plaintiffs filed the Second Amended

Complaint on April 30, 2019. (ECF No. 89.)

In June 2019, Plaintiffs' counsel emailed the undersigned to ask whether he could accept

service on Special Agent Astarita's behalf or provide an address where he could be served.

Defense counsel replied that he was not authorized to accept service on Special Agent Astarita's

behalf or provide Plaintiffs with his physical address. (Angeli Decl. ¶ 9.) Apart from these

emails, Plaintiffs have failed to demonstrate any effort to serve Special Agent Astarita in the

more than 110 days that have passed since Plaintiffs filed the Second Amended Complaint.

## II.     LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(5), a defendant may move to dismiss the action where

the service of process of a summons and complaint is insufficient. When service of process is

properly challenged pursuant to Rule 12(b)(5), the plaintiff has the burden to establish the

validity of service. *See S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007).

The Court may consider evidence outside the pleadings in resolving a Rule 12(b)(5) motion.

*Boon v. Union Pacific R. Co.*, Case No. 03:10-cv-01044-HU, 2011 WL 7452732, *2 (D. Or.

Sept. 30, 2011).

When an officer or employee of the United States is sued in his individual capacity (as

Special Agent Astarita was here), a plaintiff "must serve the United States *and also serve the

officer or employee* under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3) (emphasis added). Rule

4(e), the only subsection that applies here, provides that personal service must be completed by

"following state law for serving a summons in an action brought in courts of general jurisdiction

in the state where the district court is located or where service is made." Rule 7 D of the Oregon

Rules of Civil Procedure prescribes Oregon's service requirements. Thus, if Plaintiffs failed to effect service as required by ORCP 7 D within 90 days after filing their Complaint, the Court may dismiss the action unless Plaintiffs "show[] good cause for the failure." Fed. R. Civ. P. 4(m).

## III.    ARGUMENT

### A.    Plaintiffs have not properly effected service under ORCP 7 D(3)(a)(i).

ORCP 7 D(3)(a)(i) provides that personal service may be effected by any one of four methods: (1) personal delivery (on the defendant, or on a person authorized to receive the summons); (2) substituted service (at the defendant's house); (3) office service; or (4) mail service, if the defendant or a person authorized to receive service signs a receipt for the certified, registered, or express mailing.

Despite repeated warnings that their attempts at service were insufficient, Plaintiffs apparently believe that they satisfied their service obligations by: (1) mailing the summons and original Complaint to Keith Ramsey, a legal assistant at the U.S. Attorney's Office for the District of Oregon, on April 24, 2018 (*see* Proof of Service (ECF No. 28)); and/or (2) mailing a summons and a copy of the Amended Complaint "to the FBI Director Christopher Wray at the FBI headquarters located at 935 Pennsylvania Avenue NW Washington, D.C. 20535" on August 2, 2018[3] (*see* Report of Service (ECF No. 51) at 6).[4]

---

[3] As noted above, it is unclear whether Plaintiffs even mailed Special Agent Astarita's summons to Director Wray in August 2018, or rather merely included the FBI's summons in that mailing.

[4] Plaintiffs also claim to have served the "USA" and the "FBI." (*See* ECF No. 51 at 6.) Whether or not that is true, as noted above, Rule 4(i)(3) makes clear that when an officer or employee of the United States is sued in his individual capacity, a plaintiff "must serve the United States and *also* serve the officer or employee under Rule 4(e), (f), or (g)." (Emphasis added.) Assuming for the sake of discussion that the "USA" and the FBI were properly served, such service is irrelevant to the question of whether Special Agent Astarita was served.

Plaintiffs do not specify which method(s) of service they believe they have completed under ORCP 7 D(3)(a)(i). In fact, they have not effected service under *any* of those methods.

Plaintiffs do not even purport to have personally delivered the summons or any version of the Complaint to Special Agent Astarita or to have effected "substitute service" (by delivering the materials to his home). Presumably, then, Plaintiffs believe that their mailings to the U.S. Attorney's Office and/or Director Wray satisfied the requirements for office service or service by mail with respect to Special Agent Astarita. But they plainly did not.

Mailing materials to the U.S. Attorney's Office for the District of Oregon and to Director Wray at FBI Headquarters in Washington, DC did not constitute "office service" under Rule 7 D(3)(a)(i). First of all, Special Agent Astarita did not maintain an office either at the U.S. Attorney's Office in Portland or at FBI Headquarters in Washington, D.C., and Plaintiffs have proffered no evidence to the contrary. (Angeli Decl. ¶ 10.) Moreover, even if he did, office service must be made by: (1) "leaving true copies of the summons and the complaint at the office during normal working hours with the person who is apparently in charge"; and (2) mailing true copies of the summons and complaint to the defendant's home, "with a statement of the date, time, and place at which office service was made." ORCP 7 D(2)(c). Plaintiffs do not claim to have taken either of these steps.

Nor did Plaintiffs' mailings satisfy the "mail service" portion of ORCP 7 D(3)(a)(i). That rule makes clear that mail service is sufficient only when "the defendant or other person authorized to receive service signs a receipt" for the mailing. Plaintiffs do not contend that Special Agent Astarita signed for either mailing. Nor do they assert that whoever signed for those mailings was "authorized to receive service" on Special Agent Astarita's behalf.

Perhaps unsurprisingly, Special Agent Astarita did not authorize a legal assistant at the U.S. Attorney's Office—the office that was *prosecuting him* at the time—to accept service on his behalf in April 2018, or at any other time. Nor did he authorize Director Wray or anyone else at FBI Headquarters, in August 2018, to accept service of any complaint naming him in his personal capacity. Indeed, Special Agent Astarita has not authorized *anyone* (including defense counsel) to accept service on his behalf of any complaint in which he is sued in his personal capacity. (Angeli Decl. ¶ 8.) Plaintiffs do not contend otherwise.

For those reasons, Plaintiffs have not effected service by *any* method prescribed by ORCP 7 D(3)(a)(i). *Cf. Johnston v. Horne*, 875 F.2d 1415, 1424 (9th Cir. 1989) (holding that district court "lacked jurisdiction" over federal officer where plaintiff merely "served th[e] complaint on the U.S. Attorney").

**B.    Plaintiffs' January 24 Mailings Were Not "Otherwise Adequate."**

Where, as here, a plaintiff's attempted service fails to satisfy the portions of ORCP 7 D that apply under the circumstances of a particular case (here, the personal service rules), Oregon courts inquire as to "whether service is otherwise adequate, because it meets the 'reasonable notice' standard set forth in ORCP 7 D(1)." *Murphy v. Price*, 131 Or. App. 693, 696, 886 P.2d 1047, 1049 (1994).[5] "Only if that inquiry is answered in the affirmative will service be deemed valid." *Davis Wright Tremaine, LLP v. Menken*, 181 Or. App. 332, 337, 45 P.3d 983, 985 (2002).

Longstanding Oregon precedent makes clear that Plaintiffs' actions here—mailing the documents to two federal offices without requiring Special Agent Astarita's signature—were not

---

[5] ORCP 7 D(1) provides, in part: "Summons shall be served . . . in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." *See also Baker v. Foy*, 310 Or. 221, 228-29, 797 P.2d 349 (1990) (establishing a two-step inquiry for determining adequacy of service under ORCP 7 D).

"otherwise adequate" under ORCP 7 D(1). *See Davis Wright Tremaine*, 181 Or. App. at 341, 45 P.3d at 988 ("Service by mail on an individual must be by restricted delivery—*i.e.*, *only the person being served can either accept or refuse the mailing*—to satisfy the reasonable notice standard of ORCP 7 D(1)." (emphasis added)); *see also Murphy*, 131 Or. App. at 697, 886 P.2d at 1049 (mailing "the summons and complaint to defendant by certified mail, return receipt requested, but by *unrestricted delivery*" was not "otherwise adequate" because "anyone at that address—a roommate, a neighbor, defendant's landlord—could have signed for the receipt of the summons and complaint, with no assurances that defendant would ever see the papers." (emphasis in original)).[6]

Like the inadequate mailings in *Murphy* and *Davis Wright Tremaine*, Plaintiffs' mailings were plainly *not* restricted so that "only [Special Agent Astarita] c[ould] either accept or refuse the mailing." *Davis Wright Tremaine*, 181 Or. App. at 341, 45 P.3d at 988.[7] Consequently, they were not "otherwise adequate" under ORCP 7 D(1).

### C.    There is No "Good Cause" to Excuse Plaintiffs' Failure to Serve Special Agent Astarita.

Because Plaintiffs failed to effect service either within 90 days of filing the initial Complaint, within any of the extensions previously granted by the Court, or within 90 days after the Court permitted the filing and service of the Second Amended Complaint, the Court may

---

[6] The *Davis Wright Tremaine* and *Murphy* courts held that service was deficient even though the defendants in those cases admittedly received the documents in question. *See Davis Wright Tremaine*, 181 Or. App. at 338-39, 45 P.3d at 986 ("[U]nder Oregon's sufficiency of service rules and related jurisprudence, actual notice is, essentially, irrelevant."); *see also Murphy*, 131 Or. App. at 698, 886 P.2d at 1050 (rejecting the argument "that because defendant received actual notice, any defect in service must be disregarded.").

[7] Nothing that Plaintiffs have filed suggests that Special Agent Astarita ever signed for (or even received) the envelopes sent to the U.S. Attorney's Office in Portland or to FBI Headquarters in Washington, D.C.

dismiss this action against Special Agent Astarita pursuant to Fed. R. Civ. P. 4(m) unless Plaintiffs show "good cause" for their failures. Plaintiffs cannot make that showing.[8]

With respect to certain other Defendants, Plaintiffs have blamed their delays on the fact that they were purportedly unaware of the Defendants' identities until months after they filed their Complaint. The same cannot be said with respect to Special Agent Astarita, who was identified by name in the original Complaint filed more than a year and a half ago.

Nevertheless, after filing the original Complaint, Plaintiffs waited 89 days—until the day before their service deadline—before even *obtaining* a summons for Special Agent Astarita. (*See* ECF No. 16.) And then, as noted above, they inexplicably mailed the summons and Complaint to the U.S. Attorney's Office for the District of Oregon, which was directly *adverse* to Special Agent Astarita at the time.

In the months that followed, Plaintiffs failed to avail themselves of numerous extensions and numerous opportunities to serve Special Agent Astarita personally. Following a 30-day service extension granted by the Court on May 1, 2018, Plaintiffs failed to serve Special Agent Astarita personally during a week-long *Daubert* hearing that he personally attended all day, every day for a week, and which was widely publicized in advance. (Angeli Decl. ¶¶ 3-6.)

During the July 19, 2018 hearing, Plaintiffs' counsel repeatedly asserted that he believed that all Defendants had been properly served, (7/19/2018 Tr. at 23:14-17; 25:12-13). This assertion was vigorously contested by several Defendants in attendance. (*Id*. at 23:18-24:14.) At the very least, Plaintiffs were clearly put on notice (and indeed, Plaintiffs' counsel *admitted*) that

---

[8] Notably, Plaintiffs have been represented by experienced counsel throughout this litigation. When their Complaint was filed, Plaintiffs were represented by Lisa Ludwig, who has been practicing law in Oregon's state and federal courts since 1995, and Mr. Philpot, who has been a licensed attorney for eleven years. Ms. Ludwig withdrew in August 2018, but Mr. Philpot remained on the case.

the issue of whether all Defendants had been properly served was—at best—disputed. (*Id.* at 23:7-13.) Erring on the side of caution (and over the objection of Defendant Harney County), the Court granted Plaintiffs an additional 15 days to perfect service on all Defendants. For most of those 15 days, *Plaintiffs and their counsel sat in the same room as Special Agent Astarita* during his criminal trial. And yet, inexplicably, Plaintiffs made no effort whatsoever to personally serve him during this time. (Angeli Decl. ¶¶ 3-6.)

As a result of Plaintiffs' inadvertence, which has now spanned more than a year and a half, Plaintiffs cannot credibly contend that their failure to serve Special Agent Astarita is justified by "good cause." *See Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (inadvertence on the part of counsel does not constitute good cause); *see also* Federal Rules of Civil Procedure, Rules and Commentary Rule 4 ("Mistake, neglect, and inadvertence generally cannot support a showing of good cause." (collecting cases)).

## IV.    CONCLUSION

Because Plaintiffs have not properly served Special Agent Astarita—and utterly failed to avail themselves of the many opportunities to do so for a year and a half after filing their Complaint—we respectfully request that the Court enter an Order dismissing Plaintiffs' claims against Special Agent Astarita without prejudice, pursuant to Rules Rule 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure.

DATED this 19th day of August 2019.

Respectfully submitted,

/s  *David H. Angeli*
**ANGELI LAW GROUP LLC**
DAVID H. ANGELI, OSB No. 020244
TYLER P. FRANCIS, OSB No. 162519

*Attorneys for Defendant W. Joseph Astarita*