ELLEN F. ROSENBLUM
Attorney General
JAMES S. SMITH #840932
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: James.S.Smith@doj.state.or.us

Attorneys for Defendants State of Oregon, Oregon State Police, Governor Kate Brown, Travis Hampton, Trooper #1 and Trooper #2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| D. JEANETTE FINICUM; THARA TENNEY; TIERRA COLLIER; ROBERT FINICUM; TAWNY CRANE; ARIANNA BROWN; BRITTNEY BECK; MITCH FINICUM; THOMAS KINNE; CHALLICE FINCH; JAMES FINICUM; DANIELLE FINICUM; TEAN FINICUM; and the ESTATE OF ROBERT LAVOY FINICUM,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; FEDERAL BUREAU OF INVESTIGATION; BUREAU OF LAND MANAGEMENT; DANIEL P. LOVE; SALVATORE LAURO; GREG T. BRETZING; W. JOSEPH ASTARITA; SPECIAL AGENT BM; | Case No. 2:18-cv-00160-SU<br><br>STATE DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATION<br><br>(Oral Argument Requested) |

Page 1 - STATE DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATION
JSS/a2c/34407480
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

MICHAEL FERRARI; STATE OF OREGON; OREGON STATE POLICE; TRAVIS HAMPTON; TROOPER 1 TROOPER 2; KATHERINE BROWN; HARNEY COUNTY; DAVID M. WARD; STEVEN E. GRASTY; and the CENTER FOR BIOLOGICAL DIVERSITY,

Defendants.

The state defendants (State of Oregon, Oregon State Police, Trooper #1, Trooper #2, Travis Hampton and Gov. Kate Brown) object to the portion of the Magistrate Judge's Findings and Recommendation that denies the state's Motion to Dismiss on limitations concerning the claims against Trooper #1, Trooper #2 and Hampton. The state defendants also object to the Findings and Recommendation on grounds that the state law claims are not timely, and the case should be dismissed in its entirety.

I. FACTS

On January 26, 2016, a joint team of FBI Agents and Oregon State Troopers sought to arrest Lavoy Finicum, one of a large group of individuals who had illegally occupied the Malheur National Wildlife Reserve ("MNWR") outside Burns. Finicum resisted arrest and was shot and killed by Oregon State Troopers as he reached for his weapon.

On January 25, 2018, Finicum's estate and some of his heirs filed this case alleging claims under the Oregon Tort Claims Act against the state and federal claims against Gov. Brown, as well as various claims against federal and county defendants (ECF #1). No service was completed; on July 17, 2018, the court granted an extension of time to August 3, 2018, to complete service and file a report on the completion of service (ECF #44). On August 3, 2018, plaintiffs filed a waiver of service by the original state defendants (ECF #48, #49 and #50). On September 28, 2018, plaintiffs filed a motion to amend, seeking to add several new defendants,

Page 2 - STATE DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATION
JSS/a2c/34407480
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

including Trooper #1, Trooper #2 and OSP Superintendent Travis Hampton (ECF #66).[1] The state defendants opposed the Motion to Amend as futile, since it sought to add claims that were not timely (ECF #68). The court deferred the limitations issue to the Rule 12 motion phase and allowed plaintiffs' Motion to Amend, resulting in the filing of the Second Amended Complaint ("SAC") (ECF#89). On July 12, 2019, waivers of service were filed for Trooper #1, Trooper #2 and Hampton (ECF #91). Thereafter, all defendants filed motions to dismiss. On July 22, 2020, Magistrate Judge Sullivan entered a Findings and Recommendation which recommended allowing the state defendants' Motion to Dismiss seeking dismissal of Gov. Brown, but recommending denial of the motion to dismiss on the limitations issue after concluding the SAC related back to the original filing date (ECF #161). On August 7, 2020, the court extended time for objections to the Findings and Recommendation to November 13, 2020 (ECF #164). On December 15, 2020, the court extended time for objections again, this time to January 29, 2021 (ECF #168).

## II. STATE DEFENDANTS' POSITION

The state defendants object to the portion of the Findings and Recommendation that recommends denial of the motion to dismiss the federal claims against the newly added defendants based upon the statute of limitations. The state defendants also object to the Findings and Recommendation because the state law claims against all state defendants are untimely, and the case against the state defendants should be dismissed **in its entirety.**

---

[1] By stipulation, the parties have agreed to the use of pseudonyms for the Troopers who did the shooting.

Page 3 - STATE DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATION
JSS/a2c/34407480

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

### III. DISCUSSION

#### A. The federal claims against Trooper #1, Trooper #2 and Hampton are not timely.

Plaintiffs allege both federal and state law claims. The SAC replaces three of the 100 "Doe" defendants in the original complaint with Trooper #1, Trooper #2 and former OSP Superintendent Travis Hampton. Since the SAC was filed April 30, 2019, long after the expiration of the statute of limitations as to the newly added defendants, the claims are not timely unless the SAC relates back to the original filing date.

In analyzing relation back in the Ninth Circuit, district courts are instructed to examine both state and federal procedure and apply that which is the most lenient in allowing relation back. *Butler v National Community Renaissance of California,* 766 F.3d 981 (9th Cir. 2014). In discussing the proper approach to the issue based upon the 1991 changes to the federal rules, the Ninth Circuit quoted a Second Circuit opinion and said: "Rule 15(c)(1)(A) instructs courts, then, to look to the entire *body* of limitations law that provides the applicable statute of limitations". 766 F.3d at 1201 (emphasis in original), *quoting, Hogan v Fischer,* 783 F.3d 509 (2d Cir. 2013). The flaw in the Findings and Recommendation is that the entire body of Oregon limitations law is not addressed in reaching a conclusion on whether Oregon or federal law is more lenient on relation back. The Findings and Recommendation simply compare ORCP 23C with FRCP 15(c) to reach a conclusion on relation back; analysis of Oregon's procedural framework is necessary to reach an accurate conclusion.

The Oregon Rules of Civil Procedure and related Oregon statutes control relation back under state law. The time a case is commenced in state court is covered by ORCP 3: "Other than for purposes of statutes of limitations, an action shall be commenced by filing a complaint with the clerk of the court". For the purposes of statutes of limitations, commencement is controlled by ORS 12.020:

Page 4 -   STATE DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATION
   JSS/a2c/34407480

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

> **12.020 When action deemed begun.** (1) Except as provided in subsection (2) of this section, for the purpose of determining whether an action has been commenced within the time limited, an action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on the defendant, or on a codefendant who is a joint contractor, or otherwise united in interest with the defendant.
>
> (2) If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed. [Amended by 1973 c.731 §1]

Together, ORCP 3, ORCP 7 (service of summons), ORS 12.020 and ORCP 23C comprise the state framework determining the commencement date of cases and whether an amended pleading can relate back.

The process for evaluating Oregon law for the purpose of relation back was described by this court in *Warren v Ruffcorn,* 2001 WL 34043449 (D. Or. 2001). In *Warren,* Judge Haggerty was deciding the commencement date of a case for the purpose of determining the applicability of the Prison Litigation Reform Act:

> "The application of ORCP 23C is necessarily tied to ORCP 3 which defines commencement, ORCP 7 which sets forth procedures for service of the summons and complaint and ORS 12.020 which governs commencement of an action for the purpose of the statute of limitations. Under Oregon law, for the purposes of the statute of limitations an amended complaint relates back to the "commencement" date, but the commencement date is not the same as the date on which the action is filed unless the summons and complaint were served within 60 days of filing". 2001 WL 34043449 at p. 4.

Since no service of any kind was completed within 60 days of filing, pursuant to ORS 12.020(1), the Oregon commencement date for the claims in the SAC would be the date Troopers #1, #2 and Hampton were served (which service was completed by and through the filing of a waiver of service on July 12, 2019). If the court applies ORCP 23C, it will only allow

Page 5 -   STATE DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATION
JSS/a2c/34407480
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

the amendment to relate back to July 12, 2019, well after the statute of limitations expired for the claims against the Troopers and Hampton. Accordingly, Oregon law is not at all lenient on the issue of relation back under the facts of this case.

The more lenient approach under the facts of this case comes from the federal rules. Pursuant to FRCP 3, a civil action is commenced by filing a complaint with the court. The original complaint was filed in this case January 25, 2018. Pursuant to FRCP 4(m), plaintiffs had 90 days to complete service. Rule 4(m) allows the court to extend time for service; on July 19, 2018, the court extended the time for completion of service to August 3, 2018. Service on the original state defendants (Gov. Brown, the State of Oregon and Oregon State Police) was completed through an FRCP 4 waiver of service, filed August 3, 2018. Thus, pursuant to FRCP 3, under federal procedure the case has a commencement date which allows the claim to meet the statute of limitations **if** plaintiffs can establish the criteria for relation back described in FRCP 15(c). Accordingly, in this case federal law is more lenient in allowing relation back and should be applied by the court in deciding relation back and the limitations issue.

### 1. Relation Back Under Federal Law

Although federal procedure is more lenient than state procedure, it still does not provide for the SAC to relate back to the original filing date.

FRCP 15(c) covers relation back, and reads as follows:

(c) Relation Back of Amendments.
(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
(A) the law that provides the applicable statute of limitations allows relation back;
(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

Page 6 -   STATE DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATION
       JSS/a2c/34407480
                                Department of Justice
                                100 SW Market Street
                                Portland, OR 97201
                             (971) 673-1880 / Fax: (971) 673-5000

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.
> (2) Notice to the United States. When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.

Since the SAC changes parties by adding Trooper #1, Trooper #2 and Supt. Hampton, Rule 15(c)(1)(C) applies. Subpart (i) is not in issue, since the state defendants' counsel had notice of the proceedings such that there's no prejudice to the added defendants. The issue is whether the naming of "Doe" defendants is a "mistake" that allows relation back under Rule 15(c)(1)(C)(ii).

Several cases from the Oregon district court have concluded (applying both FRCP 15(c) and ORCP 23C) that naming a Doe defendant is not a mistake for the purpose of relation back. *Hagen v Williams,* 2014 WL 6893708 (D. Or. 2014); *Strong v City of Eugene,* 2015 WL 2401395 (D. Or. 2015); *Sarnowski v Peters,* 2016 WL 10705318 (D. Or. 2016); *Manns v Lincoln Co.,* 2018 WL 7078672 (D. Or. 2018); *Glass v Forster,* 2020 WL 3077868 (D. Or. 2020). Cases from multiple federal Circuit Courts have found that the naming of "Doe" defendants is not a mistake for the purpose of FRCP 15(c)(1)(C). *Garrett v Fleming,* 362 F.3d 692 (10th Cir. 2004); *Wayne v Jarvis,* 197 F.3d 1098 (11th Cir. 1999); *Jacobson v Osborne,* 133 F.3d 315 (5th Cir. 1998); *Cox v Treadway* 75 F.3d 230 (6th Cir. 1996); *Barrow v Wethersfield PD;* 66 F.3d 466 (2nd Cir. 1995). Recently, the Ninth Circuit reached the same conclusion: "Replacing a 'John Doe' defendant with the actual name of a defendant is not a 'mistake' that allows relation back under Rule 15(c)(1)(C)." *Boss v City of Mesa,* 746 Fed. Appx. 692 (9th Cir. 2018).

Plaintiffs chose to file at the end of the limitations period and made a conscious decision to name Doe defendants. Such is not a mistake under FRCP 15(c)(1)(C). Because naming the Does was not a mistake, the SAC does not relate back to the filing date of the original complaint

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

under federal procedure. The newly added state defendants (Trooper #1, Trooper #2 and Hampton) are entitled to dismissal because the case against them has not been commenced within the statute of limitations.

**B.    Plaintiffs' State Law Claims are Also Not Timely, And Should Be Dismissed**

As indicated above, although the original complaint was filed January 25, 2018, service was not completed until the waiver of service was filed August 3, 2018. Pursuant to ORS 12.020(1), commencement relates back to the filing date only if service was completed within 60 days of filing. Because service was completed more than 60 days after filing, plaintiffs' state law claims must be dismissed[2].

As has been observed by this court in a prior case, state law claims filed in federal court near the end of the limitations period create a malpractice trap for the unwary lawyer. In *Foster v County of Lake,* 2007 WL 2138610 (D. Or. 2008), plaintiff filed an Oregon Tort Claims Act common law tort case against Lake County, along with federal civil rights claims against a Lake County deputy sheriff. The case was filed April 5, 2006, but no service was completed until a waiver of service was filed August 31, 2006. The county defendant moved to dismiss the state

---

[2] This issue was not raised before the magistrate judge, an oversight for which the state defendants' counsel apologizes. The oversight does not prejudice plaintiffs. In the Ninth Circuit, *factual* issues not raised before the magistrate judge can be considered by the district judge in the court's discretion in responding to objections to the magistrate's recommendation. *US v Song Ja Cha,* 597 F.3d 995(9th Cir. 2010); *Brown v Roe,* 279 F.3d 742 (9th Cir. 2002). No new factual issues are being raised; only legal argument (a declaration explaining the oversight is attached). Moreover, if the court enters an order approving the Findings and Recommendation (which include a recommendation for an amending pleading from plaintiffs) the state defendants could raise the argument in a second FRCP 12(b)(6) motion against the amended pleading. Finally, even if the issue is not considered at this time, it could be raised by the state defendants in an early motion for summary judgment, pursuant to FRCP 56. The state defendants believe the most efficient use of the court's resources is to consider the issue now.

Page 8 -    STATE DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATION
JSS/a2c/34407480

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

claim as untimely, arguing that failure to complete service within the 60 days required by ORS 12.020 made the date of the filing of the waiver the date the case was commenced. Since the waiver was filed more than two years after the event, the case was not timely under ORS 30.275(9) (the Tort Claims Act statute of limitations). Plaintiff argued that FRCP 3 controlled the commencement date. Judge Panner determined that the state law claims were not timely commenced under ORS 12.020, and dismissed them. "Application of ORS 12.020, rather than Fed.R.Civ.P. 3 to state law claims filed in federal court creates a malpractice claim for unwary lawyers. Regrettably, Plaintiff's counsel has fallen into that trap." 2007 WL 2138610 at p. 3. As with the *Foster* plaintiff, the application of ORS 12.020 to the facts of this case results in state law claims that are filed long after the statute of limitations has expired. This court has reached the same result in cases subsequent to *Foster* on similar facts. *See, Jones v Pore,* 2008 WL 2127944 (D. Or. 2008) and *Nemeth v Ellena,* 2015 WL 2375982 (D. Or. 2015).

The state law claims against the State of Oregon and the Oregon State Police were not commenced until the waiver of service by the original state defendants was filed August 3, 2018. The events which are the subject of the case took place January 26, 2016. As such, the case was commenced more than two years after the event, which is untimely pursuant to ORS 30.275(9). Accordingly, the state law claims must be dismissed.

## IV. CONCLUSION

The Magistrate Judge has recommended the case against Gov. Brown be dismissed, which recommendation is correct and should be accepted by the court. The Findings and Recommendation conclude wrongly on the relation back issue because the court improperly concluded that state procedure was more lenient than federal. Since the application of Oregon law would result in relation back only to September 19, 2018, federal law is more lenient. The application of federal law means FRCP 15(c)(1)(C) applies. Under the Rule, replacement of a "Doe" defendant is not a mistake which allows for relation back. The federal claims against the

Page 9 -   STATE DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATION
    JSS/a2c/34407480
                                    Department of Justice
                                    100 SW Market Street
                                    Portland, OR 97201
                                (971) 673-1880 / Fax: (971) 673-5000

Troopers should be dismissed. Finally, the state law claims have not been timely commenced, and the case must be dismissed in its entirety.

DATED January  29 , 2021.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

      *s/ James S. Smith*
JAMES S. SMITH #840932
Senior Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
James.S.Smith@doj.state.or.us
Of Attorneys for Defendants State of Oregon,
Oregon State Police, Governor Kate Brown,
Travis Hampton, Trooper #1 and Trooper #2

Page 10 -  STATE DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATION
JSS/a2c/34407480

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000