J. Morgan Philpot, Esq.
(Oregon Bar No. 144811)
JM PHILPOT LAW, PLLC
1063 East Alpine Drive,
Alpine, UT 84004
(801) 428-2000
morgan@jmphilpot.com
*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| D. JEANETTE FINICUM; THARA TENNEY; TIERRA COLLIER; ROBERT FINICUM; TAWNY CRANE; ARIANNA BROWN; BRITTNEY BECK; MITCH FINICUM; THOMAS KINNE; CHALLICE FINCH; JAMES FINICUM; DANIELLE FINICUM; TEAN FINICUM; and the ESTATE OF ROBERT LAVOY FINICUM,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES OF AMERICA; FEDERAL BUREAU OF INVESTIGATION; BUREAU OF LAND MANAGEMENT; DANIEL P. LOVE; SALVATORE LAURO, GREG T. BRETZING; W. JOSEPH ASTARITA; SPECIAL AGENT BM; MICHAEL FERRARI; STATE OF OREGON; OREGON STATE POLICE; TRAVIS HAMPTON; TROOPER 1 TROOPER 2; KATHERINE BROWN; HARNEY COUNTY; DAVID M. WARD; STEVEN E. GRASTY; and the CENTER FOR BIOLOGICAL DIVERSITY,<br><br>*Defendants.* | CASE NO: 2:18-CV-00160-SU<br><br>**RESPONSE TO DEFENDANTS' TRAVIS HAMPTON, TROOPER #1 AND TROOPER #2's OBJECTIONS TO THE MAGISTRATE'S FINDINGS AND RECOMMENDATIONS** |

Plaintiffs', by and through counsel, counsel J. Morgan Philpot Esq., file this Response to Defendants' Travis Hampton, Trooper #1, and Trooper #2's Objections to the Magistrate Judge's Findings and Recommendations and state the following in response thereof:

1

I.      PROCEDURAL BACKGROUND

On January 25, 2018, Plaintiffs filed their Original Complaint ("OC"). (ECF No. 1). Counsel then filed proposed Summons for each Defendant on April 23, 2018.[1] (ECF Nos. 8-12).  After amending the proposed summons (ECF Nos. 13, 15, 16), the Court electronically issued them back to Plaintiffs on April 24, 2018.[2] (ECF No. 14) Plaintiffs moved for an extension of time to serve process on the defendants which was granted on May 1, 2018. (ECF No. 18) It is important to note that Counsel for Katherine Brown, Oregon State Police, State of Oregon made an appearance, the day after the lawsuit was filed, on January 26, 2018. (ECF No. 3)

Further, Counsel for the County Defendants filed a notice of appearance on February 28, 2018. (ECF No. 5). Indeed, on June 22, 2018, counsel for the federal defendants appeared on behalf of Greg T. Bretzing and the United States of America. (ECF No. 24).  On June 25, 2018, the Court set a status conference on July 19, 2018. (ECF No. 26).  Moreover, Defendants Katherine Brown, State of Oregon and the Oregon State Police ("OSP"), respectively, waived service of process on August 3, 2018. (ECF Nos. 48-50)  On September 28, 2018, Plaintiffs' moved for leave to file their Second Amended Complaint. (ECF No. 66).  On April 30, 2018, Plaintiff SAC became the operative complaint. (ECF No. 89) The SAC joined Defendants Travis Hampton, Trooper #1 and Trooper #2. These defendants were previously identified by the pseudonym *John Doe* or alternatively, the acronym "OSP" was utilized in Counts III-VII i.e., naming all Defendants in the OC.

However, the SAC names these Defendants now with a [ brand new pseudonym] namely "Trooper #1" and "Trooper #2" along with Defendant Travis Hampton (hereinafter "Defendants").  Counsel for these defendant(s) obviously knew who these OSP Troopers were and their true identity long before waiving service, regardless no mention of their names is found within the four corners of the SAC even to this day. Nevertheless, on July 12, 2019, Defendants waived service of process. (ECF No. 91)

Thereafter, they timely filed dispositive motions i.e., ECF No. 105, through counsel, which attacks the issue of service of process and whether the purported substitution of <u>one pseudonym for another pseudonym</u> (John Doe → 'Trooper #1 and Trooper #2') (emphasis added) is permissible for purposes of the statute of limitations. Essentially, Defendants argue they were not put on notice because under a simple reading of the OC, Troopers #1 and #2 could not ascertain whether it was them being sued. (ECF No. 105 at p.10, ¶ 2) Defendants do not cite to the record but go on to state that it does not matter that Defendants knew that they fired the shots [that killed Finicum].  Indeed, according to them, that is not relevant and beside the point. Id. at ¶ 3  Defendants argued and believe the only issue is the **quality of the original pleading** – and not what each of the Defendants suspected or knew. *Id.*

II.     THE MAGISTRATE'S F&R CORRECTLY DETERMINED COUNTS III-VI RELATE BACK TO THE FILING OF THE ORIGINAL COMPLAINT AGAINST TRAVIS HAMPTON, TROOPER #1 AND TROOPER #2.

    A.     **The Magistrate Correctly Determined State Law Governed Relation-Back**

Similar to those cases that follow, Plaintiffs also filed a timely complaint and described "Doe" defendants with specificity, alleging their jobs and their role in the events giving rise to plaintiffs' claims. *Phillips*, 2007 WL 915173, at *11-*12; *Korbe*, 2007 WL 915173, at *7.  Here, defendants have withheld and continue to withhold their names to

this day and, in fact, defendants have gone to lengthy measures to continue to hide, obfuscate and conceal the identities of the defendant troopers[3]. *Phillips*, 2007 WL 915173, at *10; *Korbe*, 2007 WL 915173, at *4. The Magistrate Judge considered and correctly found "the amendments at issue should be characterized as correcting a "misnomer" under Oregon law." As such, the Magistrate correctly determined Plaintiffs named fictitious entities just like the Court determined in *Korbe*. Moreover, the Magistrate acknowledges that Trooper 1, Trooper 2, and Hampton did not contest service and, indeed, waived service of summons and the SAC on July 12, 2019. ECF 91.

Indeed, the Magistrate Judge correctly concluded that those other Oregon District Court cases are nearly indistinguishable from the facts in the instant case. *See Phillips v. Multnomah County*, 2007 WL 915173, at *10 (D. Or. Mar. 23, 2007); *see also Korbe v. Hilton Hotels Corp.*, 2009 WL 723348, at *7 (D. Or. Mar. 13, 2009). In these cases, judges held that, under the given circumstances, the "mistake" requirement could "be construed to encompass plaintiff's inability to specifically identify the Doe defendants (by name) prior to the expiration of the statute of limitations." *Phillips v. Multnomah County*, 2007 WL 915173, at *10; *see Korbe*, 2009 WL 723348, at *7. In each of those cases, the timely complaint described "Doe" defendants with specificity, alleging their jobs and their role in the events giving rise to plaintiffs' claims. *Phillips*, 2007 WL 915173, at *11-*12; *Korbe*, 2007 WL 915173, at *7. In addition, plaintiffs had sought the identities of "Doe" defendants through discovery before the statute of limitations expired, but defendants

---

[3] Plaintiff attaches the United States Attorney's Motion for Protective Order and the resulting Order for the Court's review. Plaintiffs offer this demonstrate the extent of Defendants' efforts in conjunction with the US Attorney's Office to further conceal their law enforcement partners' identities as well as it clear the District Court has knowledge, participated in some fashion - and may take judicial notice of this fact. Exhibit "A".

4

had withheld the requested names. *Phillips,* 2007 WL 915173, at *10; *Korbe*, 2007 WL 915173, at *4. Moreover, the evidence is replete that evidence Defendants' identities have been intentionally shielded, withheld and concealed which has substantially frustrated Plaintiffs' efforts to serve them with a summons and complaint.

Plaintiffs have made reasonably diligent efforts to discover the identities of the Defendants within the limitations period[4]. As such, Original Complaint timely and accurately describes the "Doe" defendants and their offending conduct with striking and identifiable detail. The Magistrate Judge determined the entire body of Oregon state law was more lenient. In so doing, she compared and contrasted the usage and interplay between state and federal law in terms of relation back and correctly found that Oregon state law allowed the claims against Defendants to proceed because under Oregon law – which the Magistrate correctly concluded was a "misnomer" which was permitted to relate back presuming it met the criteria in ORCP 23C.

### B. Alternatively the Federal Law Permits Relation-Back on all Federal Claims

To the extent Defendants are correct and the issue of whether the "commencement" date is a factor which requires analysis to determine whether the state law is more lenient, the F&R does not consider the commencement date in Oregon state law. The Magistrate does consider ORCP 23C in terms of relation back. However, the F&R stops short of a thorough analysis. The Court cites *Worthington* to support that "in cases of misnomers", amendments relate back if the requirements in the first sentence of ORC 23C are satisfied. But that does not answer or address the fact that ORCP 23C states in pertinent that:

> An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, **within the period provided by law for commencing** the action against the

---

[4]  Plaintiffs' Declarations are forthcoming

> party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits,

If the term "commencing" is meant to be the date of filing then no harm. However, if the commencement date is some extended time into the future – let's say for example a community of interest is prevalent between the defendants – that some waived service in Aug-2018. That would put provisions of ORS 12.020 at odds with the interest of the Plaintiffs and seemingly not be more lenient and favorable.

In federal question cases, the Federal Rules of Civil Procedure governs the manner and timing of service. *Dodco, Inc. v. American Bonding Co.*, 7 F3d 1387, 1388 (8th Cir 1993); *see also Henderson v. United States*, 517 US 654 656 (1996). In diversity actions, under the *Erie R.R. v. Tompkins*, 304 U.S. 64, (1938), federal courts apply state rules only if they are an integral part of the state statute of limitations. *Walker v. Armco Steel Corp*. 446 US 740, 752-753 (1980).

Second, federal courts only borrow as much state law is necessary to fill the gaps left by congress. *West v. Conrail*, 481 U.S. 35 (1987).

Third, under federal question subject matter jurisdiction, federal courts apply federal law, and never apply state law which is in conflict with federal law. *Wilson v. Garcia,* 471 U.S. 261 (1985). Defendants City & Coffey fail to support their motion with any authority which contravenes these basic and well established legal doctrines.

Federal court(s) exercising diversity jurisdiction must apply the substance law of the state in which they are located except on matter governed by the US Constitution or federal statutes. Procedural issues, however are governed by federal law. *Erie Railroad Co. v. Tompkins*, 304 US 64, 78 (1938); *Gasperini v. Center for Humanities, Inc.*, 518 US 415, 427 (1996). However, when exercising federal question jurisdiction, (claims arising under federal law like federal civil rights claims) federal courts apply federal law to both

6

substantive and procedural matters. 501(4th 1991); *Tyson v. City of Sunnyvale*, 159 FRD528, 530 (ND Cal. 1995). Therefore, Portland Adventist is barred from making or joining in City of Portland/Coffey's argument.

Where federal courts choose to exercise supplemental jurisdiction overall related state law claims, the Erie doctrine applies to the state law claims; i.e., substantive issues are determined by state law. *Crowe v. Wiltel Communications Systems* 103 F3d 897, 899 ( 9th Cir. 1996).[2] In *West v. Conrail*, 481 U.S. 35 (1987), the court makes the distinction between federal question cases and diversity cases. When the underlying cause of action is based on state law, and federal jurisdiction is based on diversity of citizenship, state law not only provides the appropriate period of limitations but also determines whether service must be affected within that period. This requirement, does not apply to federal-question cases. West v. Conrail, 481 U.S. 35, 39 footnote. (1987).

Even though defendants agree to the conclusion presented by this argument, they have continued to argue back and forth picking and choosing what fits best from both the federal and state law.  This approach is flawed when attempting to determine whether the borrowed statute of limitations also borrows the Oregon rule on service 12.020. If and only if, there is a gap in the federal law, the court then looks to the applicable state law to fill the gap and nothing more. Courts are to borrow only the length of the limitations period, and closely related questions of tolling and application from state law, *Wilson,* 471 U.S. at 269, and are to "borrow no more than is necessary." *West v. Conrail*, 481 U.S. 35, 39.

Furthermore, ORS 12.020 appears to directly conflict with both FRCP 3 and 4(m). FRCP 3 provides that a civil action is commenced upon filing of the complaint and FRCP 4(m) requires service of the summons and complaint within 120 days thereafter. ORS 12.020 allows plaintiff only 60 days to serve his summons and complaint on defendants, whereas FRCP 4(m) allows

7

plaintiff 120 days to effectuate service. The conflict is exemplified when a plaintiff serves a copy of the summons and complaint to the defendant any time between 60-120 days after filing the complaint. In that event, a plaintiff would satisfy FRCP 4(m) but not ORS 12.020. Under FRCP 3 and 4(m), plaintiff's § 1983 claims are timely because he served defendants within 120 days after filing of the Complaint.

Although Defendants somewhat touch on the issue surrounding the commencement date and draw a conclusion therefrom, there is no analysis on accrual, limitations and discovery dates. Further, the Magistrate does not mention the intricacies with the term "commencement" under Oregon state law. With regards to the federal claims alleged in the SAC, and to the extent the commencement date is a bar for Plaintiff to obtain relief on the relation back statute of ORCP 23C, then it is clear Oregon law is not more lenient.

But regardless, it is settled that 1.) federal courts apply federal law in federal question cases and jurisdiction; that 2.) federal courts borrow only what is necessary and no more; and 3.) federal courts do not borrow state law inconsistent with federal law. To that end, despite any error the Magistrate may have made, it is of no consequence for Plaintiffs' perspective. The Court correctly concluded the federal claims should proceed as to Defendants Hampton, Trooper #1 and Trooper #2 in Counts III through VI, despite no finding on how the commencement date interplays, any analysis on federal question jurisdiction, or consideration as to whether the Court was borrowing the permissible amount from Oregon state law in determining that Plaintiffs Claims III-VI relate back and should move forward.

Federal law is as lenient if not substantially more. Under Rule 15(c), the Magistrate correctly determined; that  (b) the amendments asserted claims that arose of the conduct, transaction, or occurrence set out – or attempted to be set out –in the original pleading; and that

the amendment (c) which changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Here, Defendants concede Plaintiffs meet the conditions in subpart (c). The gravamen of the dispute is whether Defendants Trooper #1, #2 and Hampton received actual or constructive notice of the action and would not be prejudice in defendant. The Magistrate correctly found that Defendants did not contest service of process and, in fact, waived service of the summons and SAC on July 12, 2019 (ECF No. 91)

More importantly, the Magistrate identified a sound factual basis within the OC, which she determined *inter alia* met the threshold for relation back as follows:

> 3. On January 26, 2016,...decedent Robert LaVoy Finicum was fatally shot three times *in the back* by one or more militarized officers of the Oregon State Police and/or the FBI.
> * * *
> 17. ...LaVoy Finicum suffered the unprovoked imposition of excessive and illegal police force when ... multiple lethal shots were fired at him by the Oregon State Police, the FBI and...Astarita...."
> * * *
> 42. ...Defendants John Does were agents of the United States or the State of Oregon... are sued under fictitious names....
> * * *
> 156. As Lavoy turned from officers in the trees, he was shot from behind, in the back, three times with lethal rounds. These shots came from OSP and/or FBI officers (including John Doe defendants).

9

> 161. Investigators with the Deschutes County Sheriff's Office, assigned to process the scene of the shooting, were accounting for the known sets of shots fired by OSP officers during the event (the shots that apparently killed LaVoy)….

Compl. (emphasis in original). ECF No. 1.

As such, the Magistrate correctly determined the Defendants had actual or constructive not and they would not be prejudiced by defending such a lawsuit.

    **C.    Defendants' Have Waived Any Defense and/or Objection under FRCP 12(b)(5) Pursuant FRCP 12(h).**

For the first time, Defendants raise an argument related to whether the state law claims found in Counts VII and VIII should be dismissed on statute of limitations grounds. However, Defendants have not filed or otherwise raised this defense in their previous 12(b)(6) Motion. Further, opposing counsel admits and apologizes that he waived the [defense] issue. (ECF No. 169, p.8 at FN 2) Rule 12(h) does not permit a Court to revitalize an omitted defense – regardless of opposing counsel's declaration which Plaintiffs' respectfully appreciate. Indeed, no ability to un-waive such a defense exists under Rule 12(h)(1) and (h)(2) which states (h)(1) *When Some Are Waived*. A party waives any defense listed in Rule 12(b)(2)–(5) by:

> (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
>
> (B) failing to either:
> (i) make it by motion under this rule; or
> (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course

The closest language Defendant may assert is that his objection may be a "responsive pleading'. This also fails because an objection to a Magistrate's F&R is not that. Black's Law Dictionary defines a responsive pleading as "a pleading that replies to an opponents' earlier pleading. Black's Law Dictionary 1191 (8th ed. 2009). In this case,

Defendants are not responding to Plaintiffs – they are purportedly preserving objection for further review by raising objections to the Magistrate's F&R.

Further, the deadlines for amending as a matter of course have expired. There is no provision for these Defendants to go back and un-waive this defense now – regardless that they wage an implicit "unfitness" argument in opposing counsel's declaration. It hardly meets the standard to forgive Defendants' dilatory conduct in raising this nearly 2-years after filing and oral argument has since past regarding the 12(b)(6) Motion. (ECF No. 105) Unless Defendants are unaware that the defense was available, Defendant Hampton, Trooper #1 and Trooper #2's failure to raise the timeliness of service defense by motion or answer constitutes a submission to the court's personal jurisdiction and waives the defense. Such a waiver bars later challenge to the untimeliness of service by the defendant or by the court on its own motion. *Pusey v. Dallas Corp.*, 938 F2d 498.

### III. CONCLUSION

Defendants stated it best – "Pleadings have consequences". (ECF No. 105 at p.10) Defendants chose to not file a 12(b)(5) Motion when the rule required them to do so. (ECF No. 169, p.9 at ¶ 3) Indeed, Defendants proceeded along a dilatory path and under a prior legal strategy – intentionally making no conscious effort to at least substitute new counsel in or allow more attorneys to review Defendants' work product or to even confer with Plaintiffs' counsel about a purported ERRATA (as they say) -- Such is not a mistake under and is not forgivable under Fed. R. Civ. P. 15(h). Because the omission of a Rule 12(b)(5) defense was not a mistake, Defendants are barred from making any future or subsequent argument to they are urging the Court to all.

WHEREFORE, Plaintiffs' request this Court ADOPT the Magistrate's Findings and Recommendation regarding Defendants Hampton, Trooper #1 and Trooper #2 in the

F&R as it concerns relation back and DENY Defendants' belated attempt to circumvent the waiver restrictions found in Rule 12(h), and any other and further relief this Court deems proper and just.

RESPECTFULL SUBMITTED,

| | |
|---|---|
| *Date: March 2, 2021* | */s/ J. Morgan Philpot*<br>J. Morgan Philpot, OSB #144811<br>Attorney for Plaintiffs |

## CERTIFICATE OF SERVICE

  I hereby certify that on March 2, 2021, I filed the foregoing notice through the CM/ECF system, causing the following individuals to be served by electronic means, as reflected in the Notice of Electronic Filing:

**James S. Smith**
Department of Justice
Trial Division
100 SW Market St
Portland, OR 97201
Email: james.s.smith@doj.state.or.us

**Molly S. Silver**
**Thomas F. Armosino**
Frohnmayer Deatherage, et al.
2592 E. Barnett Road Medford, OR 97501
Email: armosino@fdfirm.com

**Casey S. Murdock** Frohnmayer, Deatherage, Jamieson, Moore, Armosino & McGovern
2592 East Barnett Road
Larson Creek Professional Center
Medford, OR 97504
Email: Murdock@fdfirm.com

JOSEPH HUNT
Assistant Attorney General

Civil Division
C. SALVATORE D'ALESSIO, JR.
Acting Director, Constitutional Tort Staff
Torts Branch, Civil Division

RICHARD MONTAGUE
Senior Trial Counsel
Constitutional Tort Staff
Torts Branch, Civil Division

LEAH BROWNLEE TAYLOR
United States Department of Justice
Senior Trial Attorney
Constitutional Tort Staff
Torts Branch, Civil Division
PO Box 7146
Washington, D.C. 20044
Leah.B.Taylor@usdoj.gov
*Attorney for Defendants*
*United States of America and Greg Bretzing*