# EXHIBIT "A"

BILLY J. WILLIAMS, OSB 901366
United States Attorney
**PAMALA R. HOLSINGER, OSB 892638**
pamala.holsinger@usdoj.gov
**PAUL T. MALONEY, OSB 013366**
paul.maloney@usdoj.gov
**GARY Y. SUSSMAN, OSB 873568**
gary.sussman@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Attorneys for the United States of America

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>W. JOSEPH ASTARITA,<br><br>Defendant.<br>_____ | No. 3:17-CR-00226-JO<br><br>MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPTS |

Pursuant to Fed. R. Crim. P. 6(e), the United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and Pamala R. Holsinger, Paul T. Maloney, and Gary Y. Sussman, Assistant United States Attorneys, moves the Court for an order authorizing the disclosure of certain grand jury transcripts to expert witnesses who the government either has retained or is in the process of retaining.

I.     FACTUAL AND PROCEDURAL BACKGROUND

On June 20, 2017, a federal grand jury returned a sealed indictment charging defendant, an FBI agent assigned to the Bureau's elite Hostage Rescue Team (HRT), with three counts of making false statements in violation of 18 U.S.C. § 1001, and two counts of obstruction of justice, in violation of 18 U.S.C. § 1512(b)(3).[1]  Those charges stem from defendant's conduct during and after the attempted arrest and fatal shooting of Robert Lavoy Finicum in Harney County on January 26, 2016.  Before returning the indictment, the grand jury heard testimony from a number of other HRT members who were present when Finicum was shot.

The central issue in this case is whether defendant fired two rounds at Finicum or Finicum's truck then lied about doing so to both the FBI and to Oregon State Police detectives who were investigating Finicum's death.  The government's case is based, in part, on videos taken from an FBI airplane and by a passenger in Finicum's truck, and on ballistics and trajectory evidence developed by the Oregon State Police Crime Laboratory and the Deschutes County Sheriff's Office.

The government has retained and is in the process of retaining various experts who will testify at trial, or who will assist the government in preparing for trial.  One of those experts is a nationally recognized ballistics and trajectory expert.  That expert has requested, among other things, police reports and all statements by witnesses who were present when

---

[1] The indictment has since been unsealed (ECF 7, 8).

MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPTS                    PAGE 2

Finicum was shot. The requested statements include the grand jury testimony of certain HRT members who were present at the shooting.

## II.  DISCUSSION

With certain exceptions, Fed. R. Crim. P. 6(e) generally prohibits the disclosure of matters occurring before the grand jury. *In Re Barker*, 741 F.2d 250, 252 (9th Cir. 1984) (footnote omitted). One such exception is set forth in Fed. R. Crim. P. 6(e)(3)(E)(i), which authorizes disclosure "preliminarily to or in connection with a judicial proceeding." Under that exception, the party seeking access must "make a strong showing that: (1) disclosure is sought preliminarily to or in connection with a judicial proceeding, and (2) there is a particularized need for the materials." *Barker*, 741 F.2d at 252. Those two requirements are "independent prerequisites" to disclosure. *United States v. Baggot*, 463 U.S. 476, 480 (1983).

Here, the government is seeking authorization to disclose to the government's expert witness the grand jury transcripts of HRT members who were present when Finicum was shot. The expert needs all statements by witnesses to the shooting in order to properly conduct his trajectory analysis, and to properly evaluate the trajectory analysis performed by the Oregon State Police Crime Laboratory and the Deschutes County Sheriff's Office. The expert has already been provided with the protective order this Court previously entered, and has agreed to be bound by its terms. Moreover, the transcripts the government seeks to furnish to the expert have already been disclosed to defendant as part of the government's pretrial discovery.

The government's requested disclosure is clearly in connection with this pending criminal proceeding, and there is a particularized need for the disclosure. Accordingly, the government respectfully requests that it be permitted to disclose as necessary to its expert witnesses the grand jury testimony of HRT members who were present when Finicum was shot, provided any such expert agrees to be bound by the terms of this Court's previously entered protective order.

DATED this 15th day of September 2017.

    Respectfully submitted,

    BILLY J. WILLIAMS
    United States Attorney

    /s/ Gary Y. Sussman
    PAMALA R. HOLSINGER
    PAUL T. MALONEY
    GARY Y. SUSSMAN
    Assistant United States Attorney

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:17-CR-00226-JO |
| v. | **PROTECTIVE ORDER** |
| **W. JOSEPH ASTARITA,** | |
| **Defendant.** | |

This matter came before the Court upon the government's unopposed motion for a protective order limiting the copying and dissemination of certain pretrial discovery materials as set forth below. The identities of law enforcement officials appear throughout the materials. Rather than delay discovery of those materials while the government redacts the names and personal identifying information of those individuals, the parties have agreed to the entry of an appropriate protective order under Fed. R. Crim. P. 16(d)(1).

Based on the information in the government's motion, the Court finds that there is a significant possibility that public disclosure of the names or other information concerning the law enforcement agents and officers identified in the materials subject to this order would endanger the personal security of those officers and jeopardize law enforcement operations.

Accordingly, IT IS ORDERED that the materials described below may only be used and disseminated as follows:

(1) All materials (including documents, records, photographs, video and audio recordings, and files contained on electronic or digital media) provided under Fed. R. Crim. P. 16 or 17 to the United States or the defense team (defined as defendant, his counsel, and others employed or retained to assist counsel as necessary for the defense of this case), are considered "Protected Documents," and shall be subject to these provisions.

(2) To the extent that Protected Documents are retained by either party for use during litigation of this case, post-conviction relief, or appellate proceedings, they will remain subject to this Protective Order.

(3) Protected Documents may only be viewed or used in connection with representation of a party in this case. Any other use or viewing of Protected Documents shall be deemed a violation of this Protective Order.

(4) Counsel may show and discuss the contents of the Protected Documents with defendant, but may not furnish copies of any Protected Documents to defendant. Discovery material that clearly pertains only to defendant and does not contain identifying information of other law enforcement officers and agents involved in the apprehension of individuals from the Malheur National Wildlife Refuge (*i.e.*, defendant's own records and personnel file) may be provided to defendant without redaction.

(5) Defendant's counsel will ensure that all members of the defense team who review or are provided with Protected Documents, including experts, are given a copy of the protective order, are advised of its terms, and agree to be bound thereby.

(6) No one to whom disclosure is made may divulge or disclose the name or other personal identifying information of any law enforcement personnel to any member of the public, to the media, or in any publicly filed court document;

(7) A copy of this Protective Order shall be maintained with the Protected Documents. The defense team will undertake appropriate efforts to ensure that other persons with control over the Protected Documents, including any other attorneys who later represent defendant, are provided a copy of this Protective Order, are advised of its terms, and agree to be bound by its provisions.

All counsel reserve the right to seek modifications or changes to this Order after a full review of the discovery provided. The parties will meet and confer regarding any discovery issues prior to

**PROTECTIVE ORDER** **Page 2**

bringing them to the Court's attention. The Court retains jurisdiction to modify this Order, upon motion, even after the conclusion of the district court proceedings in this case.

This Protective Order shall remain in effect until further order of the Court. A violation of this Order may be punished as a contempt of court.

DATED this   12<sup>t</sup>   day of July 2017.

HONORABLE ROBERT E. JONES
SENIOR UNITED STATES DISTRICT JUDGE

Presented by:
BILLY J. WILLIAMS
United States Attorney

*/s/ Paul T. Maloney*
PAUL T. MALONEY, OSB #013366
PAMALA R. HOLSINGER, OSB #892638
GARY Y. SUSSMAN, OSB #873568
Assistant United States Attorneys