ELLEN F. ROSENBLUM
Attorney General
JAMES S. SMITH  #840932
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  James.S.Smith@doj.state.or.us

Attorneys for Defendants State of Oregon, Oregon State Police and Governor Kate Brown

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| D. JEANETTE FINICUM; THARA TENNEY; TIERRA COLLIER; ROBERT FINICUM; TAWNY CRANE; ARIANNA BROWN; BRITTNEY BECK; MITCH FINICUM; THOMAS KINNE; CHALLICE FINCH; JAMES FINICUM; DANIELLE FINICUM; TEAN FINICUM; and the ESTATE OF ROBERT LAVOY FINICUM, | Case No.  2:18-cv-00160-MO |
| | STATE DEFENDANTS' FRCP 12(B)(6) MOTIONS AGAINST THIRD AMENDED COMPLAINT |
|  Plaintiffs, | |
|  v. | *Oral Argument Requested* |
| BUREAU OF LAND MANAGEMENT; DANIEL P. LOVE; SALVATORE LAURO; W. JOSEPH ASTARITA; SPECIAL AGENT BM; MICHAEL FERRARI; STATE OF OREGON; OREGON STATE POLICE; KATHERINE BROWN; HARNEY COUNTY; and the CENTER FOR BIOLOGICAL DIVERSITY, | |
|  Defendants. | |

Page 1 -   STATE DEFENDANTS' FRCP 12(B)(6) MOTIONS AGAINST THIRD AMENDED
            COMPLAINT
            JSS/a2c/

**LR 7-1**

Counsel for the state defendants has tried to contact plaintiffs' counsel to confer, without success. The efforts are described in the declaration of the state defendants' counsel filed herewith.

**MOTION**

Pursuant to FRCP 12(b)(6), the state defendants move to dismiss the Third Amended Complaint.  This motion is based upon the court's records and files herein, FRCP, the court's Local Rules and the Points and Authorities filed herewith.

**POINTS AND AUTHORITIES**

**1.      Background**

In January 2016, plaintiff's decedent was one of a number of anti-government protesters who occupied the Malheur National Wildlife Reserve ("MNWR") just outside Burns.  On January 26, 2016, while resisting arrest, plaintiff's decedent was shot and killed by Oregon State Troopers.  The decedent's estate and many of his children brought this lawsuit, alleging multiple legal claims on multiple theories.  All defendants filed Motions to Dismiss against the Second Amended Complaint, most of which were granted (ECF #180, p. 22).  In the court's Order on the Motions to Dismiss, plaintiffs were granted leave to amend the conspiracy claim against the remaining state defendants (the State of Oregon, Oregon State Police and Gov. Brown).  Plaintiffs were also granted leave to amend their conspiracy, negligence, assault and battery and *Monell* claims against Harney County.

**2.      State Defendants' Position**

The Third Amended Complaint ("TAC") contains conclusory allegations against Gov. Brown insufficient to state a conspiracy claim under Section 1983, and improperly alleges a Section 1983 claim against the State of Oregon and one of its agencies.  The TAC also rekindles negligence and intentional tort theories against the state which have already been dismissed.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Accordingly, the TAC should be dismissed, and the court should exercise its discretion to permit no further pleading.

**3.    Discussion**

**a)    The Third Amended Complaint**

Generally, the TAC is a disaster similar to its predecessors. The 58-page 333 paragraph tale it tells is a rambling and far-ranging fantasy alleging a conspiracy among particular federal agents to target and kill followers of renegade rancher Cliven Bundy, based upon historical events that took place in Nevada in 2014. Most of the paragraphs of the TAC are identical to prior iterations. The federal plot allegedly carries over into events in Oregon in late 2015 and early 2016. The TAC paints a picture of an intentional murder of Lavoy Finicum.

The TAC disregards prior rulings of the court. It names as parties several persons or entities that have already been dismissed: the Bureau of Land Management (TAC Par. 35); the FBI (TAC Par. 34); BLM Agent Love (TAC Par. 36); BLM Agent Lauro (TAC Par. 37); FBI Agent Astarita (TAC Par. 38); and The Center for Biologic Diversity (TAC Par. 45). It names as parties people who have never been served or appeared: FBI Agent Ferrari (TAC Par. 39); and FBI Agent BM (TAC Par. 40). It includes allegations concerning the constitutionality of the Oregon Tort Claims Act and allegations of compliance with the OTCA's notice requirements (TAC Par. 52 and 53), even though the court has dismissed as untimely all state law claims against the state defendants. It includes allegations against Oregon US Senator Ron Wyden (TAC Par. 194). The body of the TAC (which contains six different sections headed "Statement of Facts" encompassing approximately 50 pages and over 200 numbered paragraphs) details fantastic and conclusory allegations against federal agents no longer connected with the case. Overall, the TAC contains pages and pages of allegations that have nothing to do with the remaining defendants or the legal theories that remain in play. Despite the court's specific ruling that claims which were personal to the decedent can only be brought by the personal

Page 3 -    STATE DEFENDANTS' FRCP 12(B)(6) MOTIONS AGAINST THIRD AMENDED
          COMPLAINT
          JSS/a2c/

representative of the estate, all plaintiffs are making all claims.  In sum, the TAC is written as if the court has made no prior rulings or is made in complete disregard of the court's prior rulings.

      **b)**      **The Conspiracy Claim**

At Paragraph 316, the TAC alleges that "the Defendants" … "conspired with each other and together…under *Bivens,* color of state law, and relevant state common law and statutory authority".  TAC, p. 57.  Even though the TAC purports to allege a state law conspiracy claim against the state defendants, the plaintiffs are limited to a federal claim by the court's prior ruling: "I note, however, that any amendment must be based on federal law, as claims based on state law are untimely".  ECF #180, p. 20.  Accordingly, to the extent the TAC states a state law conspiracy claim, the state defendants move for dismissal.  Below, the state defendants address the conclusory conspiracy claim as if it is based on Section 1983.

      **1)**      **The State of Oregon and its agencies are not "persons" for the purpose of Section 1983, and the conspiracy claim against the State and State Police must be dismissed.**

At the beginning of plaintiffs' Third Cause of Action, the TAC alleges a conspiracy claim against "all defendants".  The state defendants remaining in the case are Gov. Brown, the State of Oregon and the Oregon State Police.  The conspiracy claim must be based upon federal law, as state law claims are untimely (ECF #180, p. 20).  Section 1983 permits a plaintiff to pursue violations of civil rights if a "person" takes action under color of state law that violates constitutional or federal rights.  The State of Oregon and one of its agencies are not a "person" for the purpose of Section 1983.  *Will v Michigan Department of State Police,* 491 US 58 (1989).  As such, the State of Oregon and Oregon State Police are entitled to dismissal of the conspiracy claim.

      **2)**      **The allegations against Gov. Brown are conclusory and lack sufficient detail to be entitled to the presumption of truth.**

To state a claim under Section 1983 for conspiracy, plaintiff must show: 1) an agreement between defendants to deprive plaintiff of a constitutional right; 2) an overt act in furtherance of

Page 4 -    STATE DEFENDANTS' FRCP 12(B)(6) MOTIONS AGAINST THIRD AMENDED COMPLAINT
JSS/a2c/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

the conspiracy; and 3) a constitutional deprivation. *Gilbrook v City of Westminster,* 177 F.3d 839 (9th Cir. 1999).  Plaintiff must plead a claim of conspiracy by alleging facts with sufficient particularity to show an agreement to violate plaintiff's rights or a meeting of the minds to violate plaintiff's rights. *Miller v State of California,* 355 F.3d 1177 (9th Cir. 2004).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a Motion to Dismiss. *Ivey v Board of Regents of the University of Alaska,* 673 F.2d 266 (9th Cir. 1982).

Only 38 of the TAC's 333 numbered paragraphs mention Gov. Brown.  The issue raised by this motion is whether any of those 38 paragraphs state specific facts that properly allege a claim of conspiracy under Section 1983.  Below is an analysis of the specifics of the 38 paragraphs which mention Gov. Brown, and discussion about the failure of these paragraphs to sufficiently allege a Section 1983 conspiracy claim:

**Paragraph 6:**  This paragraph lists the state defendants and Harney County and makes the conclusory allegation that those listed "intentionally and knowingly cooperated with the unlawful, unconstitutional, negligent and wrongful plans and acts orchestrated by others".

*Discussion:*  This is not a specific factual allegation that shows a conspiracy, but rather a general statement of "badness" that shows nothing.

**Paragraph 9:**  This paragraph is a conclusory allegation that Gov. Brown failed to train and supervise officers of the state.

**Paragraph 18:**  This paragraph alleges the conclusion that the use of deadly force against Finicum was not necessary and was made for political reasons.

**Paragraph 42:**  This paragraph identifies Gov. Brown as Oregon's Governor but makes no other allegations of fact.

**Paragraph 111:**  For reasons unknown to the state defendants, this paragraph alleges that a document entitled "NOTICE: Redress of Grievance" was sent to Gov. Brown.

Page 5 -    STATE DEFENDANTS' FRCP 12(B)(6) MOTIONS AGAINST THIRD AMENDED
           COMPLAINT

**Paragraphs 124, 125, 126 and 127:**  These paragraphs allege that Gov. Brown knowingly supported and cooperated in the distribution of false information by certain federal agents, and that the information was intended to silence political opposition.  Paragraph 127 alleges that the defendants knew or should have known that this false information would cause excessive force to be used against Finicum and others.

*Discussion:*  In these paragraphs, plaintiffs appear to be trying to allege that misinformation was distributed for the political benefit of those who distributed it and to increase the chance that excessive force would be used against Finicum.  The allegations are, however, completely conclusory.  What misinformation did Gov. Brown distribute?  By what means was such misinformation distributed?  Was the distribution of information a part of the conspiracy?  With whom did Gov. Brown agree that the distribution of misinformation would be a part of the effort to kill Finicum?  The nature of the verbs used in these paragraphs is telling: "knowingly supported" and "cooperated in" are conclusory allegations as opposed to allegations of fact.

**Paragraph 155 and 156:**  These paragraphs allege Gov. Brown and others tried to control the "official narrative of what was taking place at the Refuge", and that the information was false, misleading, and inaccurate and that Gov. Brown and others should have told the public that the occupation was "an attempted lawful adverse possession".

*Discussion:*  These paragraphs attempt to establish the constitutionalist fantasy that there is some right to "adversely possess" the property of the federal government as some sort of protest.  These paragraphs contain no allegations of fact that support a Section 1983 conspiracy claim.

**Paragraph 160, 161, 162, 163, 164 and 165:**  These paragraphs allege that state government could and should have taken court action to resolve the occupiers' "adverse possession", but instead chose to "fight a public political battle" and have the feds bring the occupation to a close by force.  They allege the Governor disseminated knowingly false information as a pretext for federal intervention in Burns, and false information was used as a pretext for escalating tensions.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

***Discussion:***  Lacking in these paragraphs are any allegations of fact concerning the actions Gov. Brown took or the meeting of the minds that constitutes the conspiracy.  To state a claim for conspiracy to violate civil rights "the plaintiff must state specific facts to support the existence of the claimed conspiracy".  *Olsen v Idaho State Board of Medicine,* 363 F.3d 916, 929(9th Cir. 2004), *quoting, Burns v County of King,* 883 F.2d 819 (9th Cir. 1989).  There are no factual allegations concerning illegal acts taken by the Governor and no allegations of any meeting of the minds between Gov. Brown and any other defendant.

**Paragraph 170:**  This paragraph alleges that Gov. Brown told her staff to control the public narrative with false information and that Gov. Brown "prioritized the use of force" and ignored legal advice.

***Discussion:***  That Gov. Brown "prioritized the use of force" is completely conclusory.  If plaintiffs are trying to allege that Gov. Brown conspired with other defendants to unlawfully use force against Finicum, there needs to be some facts to support that theory.

**Paragraph 176:**  This paragraph makes the conclusory allegation that Gov. Brown ordered that a plan be put in place to use force against the occupiers.

**Paragraph 179:**  This paragraph alleges that the "ambush plan" was kept secret from the Grant County Sheriff and others who disagree with Gov. Brown.

**Paragraph 181:**  This paragraph alleges that the "ambush plan" was put in place based upon false and misleading information that Gov. Brown knew or should have known was false and done something to prevent.

**Paragraph 190 and 191:**  These paragraphs allege that the location for the "ambush" was chosen by Gov. Brown and others to avoid public scrutiny and to prevent Finicum and others from calling for help from public officials who disagree with Gov. Brown, even though other locations may have been safer.

Page 7 -   STATE DEFENDANTS' FRCP 12(B)(6) MOTIONS AGAINST THIRD AMENDED COMPLAINT
JSS/a2c/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**Paragraph 193 and 194:**  Paragraph 193 makes the conclusory allegation that Gov. Brown knew excessive force would be used for the traffic stop.  Paragraph 194 alleges that Gov. Brown and Senator Ron Wyden collaborated to support the plan for political purposes.

**Paragraphs 198, 199 and 200:**  These paragraphs allege that Gov. Brown knew no laws were being broken by the occupiers, yet "conspired" with others to withhold information about the "pre-planned use of force" and to advance the narrative agenda and plans of the rogue federal agents to incite violence upon the followers of Cliven Bundy.

**Paragraphs 202 and 203:**  These paragraphs allege that Gov. Brown knew the Grant County Sheriff was uncooperative with the feds and moved the planned location of the "ambush" into Harney County.

**Paragraphs 208 and 209:**  Paragraph 208 makes the conclusory allegation that Gov. Brown and others "intentionally set up and carried out a strategic war-like ambush" designed to inflict lethal force on Finicum.  Paragraph 209 alleges alternatively that Gov. Brown "acted wrongfully and with significant negligence".

***Discussion:***  Paragraphs 176 through 209 set out plaintiffs' *theory* of the case: that some (unstated) government actors reached an (unstated) agreement to conduct the arrest of the occupiers illegally, in violation of Finicum's constitutional rights.  Absent facts, a *theory* is nothing more.  The conspiracy theory set out in the TAC represents a classic version of inductive reasoning: starting with the conclusion that Finicum was the victim of a conspiracy by government and working backwards to conclude there must be facts that support the conclusion.  But pleading a conspiracy under Section 1983 requires more than a *theory.*  There must be some facts alleged that show the meeting of the minds, the identity of the conspirators and the things they did to further their conspiracy.  That Finicum was shot by police as part of a conspiracy is a conclusion; from this pleading, apparently plaintiffs have no facts that can be used to support their creative theory.

Page 8 -    STATE DEFENDANTS' FRCP 12(B)(6) MOTIONS AGAINST THIRD AMENDED
                   COMPLAINT
JSS/a2c/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**Paragraph 234:**  This paragraph makes the conclusory allegation that setting up the roadblock was a violation of Gov. Brown's constitutional duties.

**Paragraphs 296 and 297:**  These paragraphs allege that after the acquittals of certain criminal defendants, Gov. Brown has refused to respond to demands for factual information (which allegation relates to no legal theory stated in the TAC).

**Paragraph 312:**  This paragraph (which is part of a Claim for Relief directed only at Harney County) makes the conclusory allegations that Gov. Brown failed to conduct adequate investigations.

**Paragraph 330:**  This paragraph (part of a common law battery claim) alleges the conclusion that Gov. Brown intended violence against Finicum.

It takes more than plaintiffs' desire to find a conspiracy to plead one.  "This court must dismiss Section 1983 claims that are based on vague and conclusory conspiracy allegations and fail to specify each defendant's role in the alleged conspiracy."  *Todd v Whitaker,* 2016 WL 4216777 (D. Or. 2016); *citing Pena v Gardner,* 976 F.2d 469 (9th Cir. 1992).  Absent factual allegations that show Gov. Brown's actions and that those actions were part of a meeting of minds to deprive Finicum of his constitutional rights, a conspiracy claim under Section 1983 is not stated, and the case should be dismissed.

    **c)**    **The Negligence Claim**

Disregarding the court's prior order that none of plaintiffs' state law claims are timely, plaintiffs' Fourth Cause of Action (Claim for Relief?) alleges negligence in the training of officers, agents and employees.  Against the state, these claims have already been ruled untimely and should be dismissed again.

    **d)**    **The Assault and Battery Claim**

Plaintiffs' Fifth Cause of Action alleges common law assault and battery.  Paragraph 330 alleges specifically that the claim is made against Gov. Brown, the State of Oregon and the

Page 9 -    STATE DEFENDANTS' FRCP 12(B)(6) MOTIONS AGAINST THIRD AMENDED
             COMPLAINT
    JSS/a2c/

Oregon State Police.  The court has already ruled that state law claims against the state defendants are untimely; this claim should be dismissed again.

4.      **Remedy**

        This case is two years and ten months old.  Plaintiffs were given two extensions of time during which to complete service against some federal and county defendants but failed to complete service which resulted in dismissals.  The pleading under consideration is plaintiffs' Third Amended Complaint.  Each of the four iterations of the Complaint has included large sections which are unchanged, and the convoluted and fantastic theory of the case has remained unchanged.  In its Order concerning Motions to Dismiss the Second Amended Complaint, the court clearly ruled that state law claims against the state defendants are untimely (ECF #180 p.19), yet the Third Amended Complaint alleges common law negligence and assault claims against the state, and the conspiracy claim purports to be a claim under "relevant state common law and statutory authority" (TAC, Par. 316).  The TAC and the procedural events that precede it demonstrate that plaintiffs either lack the capacity to understand the court's orders, or the ability to follow them.

        Concerning the conspiracy claim, Judge Sullivan's Findings and Recommendation suggested that plaintiffs be allowed leave to amend "the voluminous and rambling SAC" to "more clearly state their conspiracy claim as to the state defendants" (ECF #161 p.46-7); the court's eventual Order on the Motions to Dismiss permits plaintiffs to "amend the conspiracy claim, in accordance with this opinion and Judge Sullivan's F&R…" (ECF #180 p. 22).  Yet the conspiracy claim closely resembles the Second Amended Complaint and fails to allege anything but conclusions concerning the purported conspiracy.

        While under FRCP 15 leave to amend shall be freely given when justice so requires, the district court has discretion to determine whether leave to amend shall be granted and may deny leave to amend when there has been undue delay, a repeated failure to cure deficiencies by

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

amendment previously allowed or if amendment would be futile. *Zucco Partners LLC v Digimarc Corp.,* 552 F.3d 281 (9th Cir. 2009). That the TAC alleges little different from the Second Amended Complaint is a strong indication plaintiffs have no additional facts to plead. *Metzler Inv. GMBH v Corinthian Colleges Inc.,* 540 F.3d 1049 (9th Cir. 2008).

Plaintiffs have been given every opportunity to plead facts that would support their claims but have not. The TAC blatantly disregards the court's Order on what claims are proper. It is within the court's discretion to allow no further pleading, and the court should exercise its discretion to end this case[1].

DATED October  28 , 2021.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

_s/ James S. Smith_
JAMES S. SMITH #840932
Senior Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
James.S.Smith@doj.state.or.us
Of Attorneys for Defendants State of Oregon,
Oregon State Police and Governor Kate Brown

---

[1]Still pending is plaintiffs' Section 1983 claim against Gov. Brown alleging deprivation of familial association. A deprivation of familial association claim is a derivative claim, which must be based on other acts by the defendant which violate the plaintiff's federal rights. *Lacy v County of Maricopa,* 631 FS 2d 1197 (D. Az. 2008); *Valdez v City of Phoenix,* 2019 WL 5390508 (D. Az. 2019). Since the excessive force claim against Gov. Brown has been dismissed, the derivative deprivation claim fails as a matter of law and will be taken out at the summary judgment phase. Accordingly, dismissal without leave to amend would not be impacting any viable claim.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000