339.    Plaintiffs allege all preceding and subsequent paragraphs here, as if fully set forth and for full incorporation here.

340.    In doing the foregoing wrongful acts, Defendants and each of them, acted in reckless and callous disregard of the constitutional rights of LaVoy Finicum.

341.    The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each defendant in an amount adequate to punish the wrongdoers and independently to deter future misconduct.

342.    Additionally, Defendants, acting under color of state and federal law (excluding the CENTER FOR BIOLOGICIAL DIVERSITY), deprived Plaintiffs of their right to a familial relationship without due process of law by their sue of unjustified and fatal force against LaVoy Finicum with the deliberate intent to cause LaVoy Finicum harm so that he could not and would not return to his family in his home state of Arizona, in violation of rights, privileges, and immunities secured by the First and Fourteenth amendments to the United States Constitution.

343.    As a result of the foregoing wrongful acts of Defendants, and each of them, Plaintiffs sustained general damages, including grief, emotional distress, pain and suffering, loss of comfort and society, and special damages, including loss of support, in and amount according to proof.

344.    As further damage, Plaintiffs have incurred and will continue to incur attorney's fees, and pursuant to 42 U.S.C. ¶ 1988, are entitled to the recovery of costs and fees in pursuing a violation of 42 U.S.C. § 1983.

## FIFTH CAUSE OF ACTION
### (42 U.S.C. § 1983 – *Monell*)

(Against All Defendants)

345.     Plaintiffs allege all preceding and subsequent paragraphs here, as if fully set forth and for full incorporation here.

346.     Plaintiffs bring this claim for relief in their capacity as the successors-in-interest and personal representative of the decedent.

347.     Defendants, and each of them, knowingly and with gross negligence, maintained permitted and ratified policies and customs which allow the occurrence of the types of wrongs set forth herein above, all in deliberate indifference to the constitutional rights of citizens.

348.     The FBI, the BLM, the STATE OF OREGON, the OSP, HARNEY COUNTY, along with Defendants LAURO, LOVE, BRETZING, ASTARITA, FERRARI, HAMPTON and other individuals and entities continued the employment and/or association with the defendants described above, and allowed or provided little to no supervision of these officers, agents or employees, in spite of the fact that these Defendants had prior complaints for misconduct.

349.     Defendant LOVE (and other defendants) was known to the UNITED STATES to be engaged in a pattern of rampant corruption and misconduct, and the government's own internal investigations reached this same conclusion.  LOVE, and those aligned with and assisting LOVE and defendants as described herein, participated in the corruption described above, which all caused or proximately caused the death of LaVoy Finicum.

350.     The widespread corruption and misconduct described and otherwise identified herein, included illegal targeting, religious bias and persecution, mishandling and destroying evidence, pursuing vendettas and purposefully using government resources to harm and inflict unnecessary violence, and other egregious forms of wrongdoing from April 2014 and through January 2016 – which allowed and assisted LOVE, BRETZING and other defendants in

violating state and federal law, and specifically the Fourth and Fifth Amendment, resulted in the wrongful shooting death of LaVoy Finicum.

351.   The UNITED STATES, the STATE OF OREGON, and HARNEY COUNTY all acted with deliberate indifference in the training of its law enforcement officers and other agents, related to the use of reasonable force and lawful seizures, as well as the deliberate indifference by the relevant government hierarchy to the safety of citizens or the adherence to the Constitution's protection of individual rights, are the moving force behind the misconduct engaged in by Defendants.

352.   This widespread corruption, excessive negligence, willful indifference and misconduct are all factors leading to the shooting death of LaVoy Finicum.

353.   Further the ratification of misconduct by the UNITED STATES, STATE OF OREGON, BROWN, HARNEY COUNTY, WARD and GRASTY along with the failure to conduct adequate investigations of misconduct led to the violations of Plaintiffs' and LaVoy Finicum's constitutional rights.

354.   Based upon the principles set forth in *Monell v. New York City Dept. of Social Services*, the FBI, the BLM, the STATE OF OREGON, the OSP, and HARNEY COUNTY are liable for all the injuries sustained by Plaintiffs as set forth above.

355.   Due to the conduct of these defendants, and each of them, Plaintiffs have incurred and will continue to incur attorneys' fees and are entitled to recovery of said fees pursuant to 42 U.S.C. § 1988.

**SIXTH CAUSE OF ACTION**
(Conspiracy)
(Against All Defendants)

356.   Plaintiffs allege all preceding and subsequent paragraphs here, as if fully set forth

and for full incorporation here.

357. Plaintiffs are entitled to relief against each and all Defendants because they conspired with each other and together, to cause LaVoy Finicum's harm and ultimate death under *Bivens*, 42 U.S.C. 1983, color of state law, and relevant state common law and statutory authority.

358. The Defendants, as described above, acted strategically to perpetrate and then cover up their wrong doing.

359. The Defendants, as described above, knew of the wrongdoing, and each and all of them failed to intervene to prevent harm to LaVoy Finicum, though able.

360. As a result of this conduct, Plaintiffs have suffered harm as noted above, and are entitled to damages and attorney fees as also noted above.

### Seventh CAUSE OF ACTION
### (Negligence)
### (Against All Defendants)

361. Plaintiffs re-allege all preceding and subsequent paragraphs here, both as if fully set forth here.

362. Defendants and each of them owed a duty to the public to properly train and supervise the officers, employees and agents under their control and influence. They failed to do so. This led to the untimely and unwarranted death of LaVoy Finicum.

363. Defendants also owed a duty to LaVoy Finicum, to conduct themselves reasonably and safely so as not to harm him in the circumstances that occurred.

364. Defendants are liable or their neglect pursuant to Oregon State law.

365. Plaintiffs filed timely claims pursuant to Oregon State law.

366. Plaintiffs are parties with proper standing pursuant to Oregon State law.

367.    Plaintiffs are entitled to pursue and obtain the remedies prayed for herein, including for each of them, pecuniary loss and other compensable injuries resulting from the loss of the society, comfort attention services and support of the decedent LaVoy Finicum.

368.    The loss of LaVoy Finicum will continue to cause great and severe damages to Plaintiffs, all in an amount according to proof.

369.    As a further and direct result of the acts, omissions, negligent conduct, and/or reckless disregard for the safety of LaVoy, by Defendants, and each of them, Plaintiffs have incurred funeral and burial expenses, medical expenses and other incidental costs and expenses in an amount according to proof.

### EIGHTH CAUSE OF ACTION
(Assault and Battery – Common Law)
(Against State of Oregon, Hampton, Trooper 1, Trooper 2 and Harney County)

370.    Plaintiffs allege all preceding and subsequent paragraphs here, as if fully set forth and for full incorporation here.

371.    The STATE OF OREGON, BROWN, OSP, HAMPTON, TROOPER 1 and TROOPER 2, as well as WARD, GRASTY and HARNEY COUNTY engaged in intentional attempts, plans and conduct to do violence against LaVoy Finicum, coupled with the present ability to carry these intentions into effect.

372.    In furtherance of these unlawful aims, unlawful and unconstitutional conduct, and other wrongful acts described herein, TROOPER 1 and TROOPER 2 revealed that Defendants had determined in advance to Kill LaVoy Finicum, and made statements on their two-way radio during these events, such as "we are going to have to kill this guy."

373.    These Defendants engaged in voluntary acts that caused intentional harm and contact with LaVoy Finicum, including shooting him three times in the back.

Page 69 of 70 | *Second Amended Complaint*

374. As a direct, proximate and foreseeable result of these actions, LaVoy suffered deprivation of his constitutional rights, injury, harm, pain and suffering, and compensable economic loss.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For general damages in an amount according to proof, but no less than $5,000,000 for each plaintiff, but as permitted by law;
2. For special damages in an amount according to proof; as permitted by law,
3. For punitive damages against the individual officers, in an amount according to proof and as permitted by law,
4. For injunctive relief;
5. For reasonable attorneys' fees and costs where applicable;
6. For costs of suit herein incurred; and
7. For such other and further relief as the Court may deem just and proper.

DATED: April 30, 2019

/s/ J. Morgan Philpot
J. Morgan Philpot, OSB #144811
Attorney for Plaintiffs