# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

FINICUM, et al.,

        Plaintiffs,

   vs.

UNITED STATES OF AMERICA, et al.,
        Defendants.

Case No. 2:18-cv-00160

**PLAINTIFF'S MOTION TO ENLARGE TIME TO FILE FOURTH AMENDED COMPLAINT [AND ANSWER TO DEFENDANTS' MOTIONS TO DISMISS THIRD AMENDED COMPLAINT]**

J. Morgan Philpot (Oregon Bar No. 144811)
morgan@jmphilpot.com
**JM PHILPOT LAW, PLLC**
620 East 100 North
Alpine, UT 84004
(801) 891-4499
*Attorney for Plaintiffs*

John M. Pierce* (*PHV Admission Pending*)
jpierce@piercebainbridge.com
Ryan J. Marshall (*PHV Admission Pending*)
rmarshall@piercebainbridge.com
**PIERCE BAINBRIDGE P.C.**
355 S. Grand Avenue, 44th Floor,
Los Angeles, CA 90071
(213) 400-0725
(424) 285-4943

*Attorney for Plaintiffs*
Lead Counsel*

# TABLE OF CONTENTS

Table of Contents ............................................................................................... i

Table of Authorities .......................................................................................... ii

Introduction ...................................................................................................... 1

Argument .......................................................................................................... 1

    I.    Plaintiff Did Not Timely Respond to the Defendants' Motion to Dismiss Due to Excusable Neglect ................................................... 1

        A.   There Is No Danger That a Brief Delay Will Prejudice the Defendants ............................................................................... 4

        B.   The Delay Is Short and Will Not Impact the Proceedings ................... 5

        C.   The Delay Was Not Due to an Improper Purpose [Revise] ................... 6

        D.   Plaintiff Acted in Good Faith .................................................. 8

Conclusion ....................................................................................................... 9

# TABLE OF AUTHORITIES

Perez-Denison v. Kaiser Found. Health Plan, 868 F. Supp. 2d 1065, 1079 (D. Or. 2012).......................................................................................................2

Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 906 n.7 (1990)..............................2

In re Veritas Software Corp. Securities Litig., 496 F.3d 962, 973 (9th Cir. 2007)...2

Wanke Cascade Distrib., Ltd. v. Forbo Flooring, Inc., 2015 WL 1757151, at *3 (D. Or. Apr. 17, 2015)...............................................................................................2

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)...............................................................................................................2

Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258–59 (9th Cir.2010).........2

Stephenson v. Cox, 223 F.Supp.2d 119, 120 (D.D.C.2002)................................3

Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 151–52 (D.C.Cir.1996) .......................................................................................3

Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1225 (9th Cir. 2000) ...................5

Hibernia Int'l Bank v. Administracion Cent. S.A., 776 F.2d 1277, 1280 (5th Cir. 1985)...............................................................................................................5

In re Pilgrim's Pride Corp.. No. 08-45664, 2011 WL 576070 (Bankr. N.D. Tex., Feb. 9, 2011)...............................................................................................................6

Wesolek v. Canadair Limited, 838 F.2d 55, 58 (2d Cir.1988) ..............................7

Davidson v. Keenan, 740 F.2d 129, 132 (2d Cir.1984)........................................7

Wright, A. Miller, M. Kane, Federal Practice and Procedure § 1165 (2d ed.1986)......7

Tenenbaum v. Williams, 907 F.Supp. 606, 612 & n. 6 (E.D.N.Y.1995) ...................8

**INTRODUCTION**

On January 26th, 2016, at approximately 4:40p.m, Robert LaVoy Finicum was traveling along an isolated section of highway in Harney, County Oregon in route to meet with Grant County Sheriff Glenn Palmer. Being heavily associated with both local and national politics, Mr. Finicum invited several Oregon State police officers and FBI officials to accompany him on his trip. During this trip, along U.S route 395, Mr. Finicum encountered a "Deadmans Roadblock" which had been set-up in anticipation of his arrival by the Oregon State police. Mr. Finicum then exited his truck at the roadblock with his hands in the air in a surrender position. It was at this time that both Mr. Finicum and his truck were fired upon by officers of the Oregon State Police and/or FBI officials, fatally striking LaVoy three times in the back. This murder of LeVoy Finicum is plainly unlawful under rights Guaranteed by the United States Constitution and is also unlawful under the laws of the United States and the state of Oregon. It is for these reasons, as well as others, that the NCLU, in association with JM Philpot Law LLC, has decided to take on the case of Jeanette Finicum and heirs, in an effort to rectify this grave miscarriage of justice and abuse of power.

**ARGUMENT**

**I. Plaintiff Did Not Timely Respond to the Defendants' Motion to Dismiss Due to Excusable Neglect**

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired

1

if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B).
"Rule 6(b) gives the court *extensive flexibility* to modify the fixed time periods
found throughout the rules, whether the enlargement is sought before or after
the actual termination of the allotted time." *Perez-Denison v. Kaiser Found.
Health Plan*, 868 F. Supp. 2d 1065, 1079 (D. Or. 2012) (quoting *Lujan v. Nat'l
Wildlife Fed'n*, 497 U.S. 871, 906 n.7 (1990)).

   "To determine whether neglect is excusable, a court must consider four
factors: (1) the danger of prejudice to the opposing party; (2) the length of the
delay and its potential impact on the proceedings; (3) the reason for the delay;
and (4) whether the movant acted in good faith." *In re Veritas Software Corp.
Securities Litig.*, 496 F.3d 962, 973 (9th Cir. 2007) (citation and quotation
marks omitted). "Even when the extension is sought after the time limit has
expired, the good cause standard is satisfied merely upon a showing of
excusable neglect." *Wanke Cascade Distrib., Ltd. v. Forbo Flooring, Inc.*, 2015
WL 1757151, at *3 (D. Or. Apr. 17, 2015).

   "The question of whether a mistake is excusable is an equitable one, taking
into account all of the relevant circumstances." *Id.* (citing *Pioneer Inv. Servs.
Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). And of course,
like "all of the Federal Rules of Civil Procedure, Rule 6(b)(1) is to be 'liberally
construed to effectuate the general purpose of seeing that cases are tried on
the merits.'" *Id.* (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253,
1258–59 (9th Cir.2010)).

**If a motion for enlargement is filed after the expiration of the prescribed date or period, then the court may permit the act to be done "where the failure to act was the result of excusable neglect[.]"** FED.R.CIV.P. 6(b)(2); *Stephenson v. Cox,* 223 F.Supp.2d 119, 120 (D.D.C.2002); see also *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,* 101 F.3d 145, 151–52 (D.C.Cir.1996) (district court has broad discretion in the management of its docket consistent with concerns of the Supreme Court and Congress "for the fair and efficient administration of justice").

Moreover, ORCP 15 D addresses late filings and extensions of time. It provides:

> "The court may, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or allow any other pleading or motion after the time limited by the procedural rules, or by an order enlarge such time."

That rule, by its terms, gives trial courts discretion to allow a party to file "an answer or reply or any other pleading or motion after the time limited by the procedural rules, or by an order enlarge such time."

Therefore, ORCP 15 D gives the court discretion to enlarge the time. The first part of the rule is directed to late filings—i.e., after the period for filing has passed. The second part of the rule is directed to motions to extend or enlarge the time before the party is in default. Contrary to defendant's argument, ORCP 15 D expressly gives the court authority to permit the late filing of plaintiff's response.

Likewise, in *Pioner,* the court found that there is, of course, a range of possible explanations for a party's failure to comply with a court-ordered filing deadline. At one end of the spectrum, a party may be prevented from complying by forces beyond its control, such as by an act of God or unforeseeable human intervention. At the other, a party simply may choose to flout a deadline. In between lie cases where a party may choose to miss a deadline although for a very good reason, such as to render first aid to an accident victim discovered on the way to the courthouse, as well as cases where a party misses a deadline through inadvertence, miscalculation, or negligence. Moreover, the ordinary meaning of "neglect" is "to give little attention or respect" to a matter, or, closer to the point for our purposes, "to leave undone or unattended to esp[ecially] through carelessness." Webster's **1495 Ninth New Collegiate Dictionary 791 (1983) (emphasis added). The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness **Thus, at least for purposes of Rule 60(b), 'excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.**

## A. There Is No Danger That a Brief Delay Will Prejudice the Defendants

"[T]he mere possibility of prejudice from delay, which is inherent in every case, is insufficient to require denial" of a Rule 6(b)(1) motion. *Bateman v. U.S.*

*Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (quoting *Hibernia Int'l Bank v. Administracion Cent. S.A.*, 776 F.2d 1277, 1280 (5th Cir. 1985)).[1]

*Bateman* reversed the denial of the plaintiff's Rule 60(b)(1) motion. Plaintiff's attorney

Furthermore, in *Pioner*, the court noted that "were there any evidence of prejudice to petitioner or to judicial administration in this case, or any indication at all of bad faith, we could not say that the Bankruptcy Court abused its discretion in declining to find the neglect to be "excusable." In the absence of such a showing, however, we conclude that the unusual form of notice employed in this case requires a finding that the neglect of respondents' counsel was, under all the circumstances, "excusable."

Consequently, **as in *Pioner*, absent showing of prejudice to Defendants or bad faith from Plaintiffs requires a finding that the neglect of Plaintiffs was, under all the circumstances, "excusable."**

### B. The Delay Is Short and Will Not Impact the Proceedings

Defendants will suffer little or no prejudice as a result of the delay. The Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 391, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), clarified that the drafters did not indicate that they intended "anything other

---

[1] Under consideration in *Hibernia* was a Rule 60(b)(1) motion. But in the Ninth Circuit, the same four factor test is used to adjudicate both a motion to enlarge time under Rule 6(b)(1) and a motion for relief from a judgment or order under Rule 60(b)(1). *See Bateman*, 231 F.3d at 1223-24; *In re Veritas Software Corp. Securities Litig.*, 496 F.3d at 973.

than the commonly accepted meaning of the phrase ['excusable neglect']." Under Rule 6(b), the term "is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. at 392 (citations omitted). **The Court urged a flexible reading so as not to "ignore the most natural meaning of the word 'neglect' "** and to avoid an interpretation that contradicted "the accepted meaning of that word in analogous contexts." Id. at 394–95. The Court concluded that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," refusing to read *Lujan v. National Wildlife Federation,* 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990), as restricting the inquiry to "the movant's culpability and the reason for the delay[.]" Id. at 395 and n. 13.

As to the delay factor, the length of the delay and its potential impact on judicial proceedings, in *In re Pilgrim's Pride Corp.* the proposition that a nine-month delay did not negatively affect case administration. In that case, Raymond Love, an employee of Pilgrim's Pride, was injured in a fall after the commencement of Pilgrim's Pride's bankruptcy case. Mr. Love, through his personal injury lawyer, made an arbitration demand against the debtor. After the debtor's plan was confirmed, it sent a notice of the administrative claims bar date to Mr. Love's home address. Well after the bar date passed, the debtor moved to dismiss the arbitration proceeding. Shortly thereafter, Mr. Love's personal injury attorney contacted a bankruptcy attorney who immediately

prepared and filed an application to allow a late-filed administrative claim in the debtor's bankruptcy case. Applying the Pioneer factors, the court determined that Mr. Love's neglect in timely filing an administrative claim was excusable. Likewise, here, Plaintiff is demanding in good faith that the court confers flexibility on the process.

### C. The Delay Was Not Due to an Improper Purpose [Revise]

Federal Rule of Civil Procedure 6(b) is a rule of general application giving discretion to the trial court to enlarge time limits either before or after they have expired. *Wesolek v. Canadair Limited*, 838 F.2d 55, 58 (2d Cir.1988) ("The granting or denial of a motion to extend the time ... lies within the discretion of the district court"). **For this Court to exercise its discretion under Rule 6(b)(1) this must be only for "cause shown," in which a party must demonstrate some justification for the issuance of the enlargement order.** *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir.1984) ("Had appellants applied to the court within that prescribed period for an extension of time to respond, the court in its discretion would have been free to grant such an extension 'for cause shown' pursuant to Fed.R.Civ.P. 6(b)(1)"). "However, an application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." C. *Wright, A. Miller, M. Kane*, Federal Practice and Procedure § 1165 (2d ed.1986); cf. Billino, 1996 WL 1088925, at *1 (where the motion for substitution is not filed until after the expiration of the ninety day period, it can be granted where the failure to act earlier was the result of

7

"excusable neglect"); *Tenenbaum v. Williams,* 907 F.Supp. 606, 612 & n. 6 (E.D.N.Y.1995) ("the Court notes that although the combination of newly-announced trial schedules and an unexpected death in the immediate family of one of the defense attorneys ... surely could have served as a basis for an extension request pursuant to Rule 6(b)(1), defense counsel simply chose not to make such a request"), aff'd in part, vacated in part, 193 F.3d 581 (2d Cir.1999).

Here, the delay was justified given the circumstances in which Plaintiff was at. Plaintiff proposed a stipulation to extend the time to defendants, which never happened. Plaintiff in good faith believe that the negotiation to extend the time with Defendant will bear fruits, therefore, if Plaintiff should be blamed of something it is in believing in Defendant's good faith which end up being just bluff.

### D. Plaintiff Acted in Good Faith

A district court must consider all the circumstances in deciding whether to excuse a party's neglect, notably "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. Failure to consider the "Pioneer factors" in circumstances like those here, where counsel's "errors resulted from negligence and carelessness, not from deviousness or willfulness [,]" constitutes an abuse of discretion. *See* Bateman v. U.S. Postal

Service, 231 F.3d 1220, 1225 (9th Cir.2000). **There is not prejudice or bad faith on Plaintiffs' part. Moreover, this case is rapidly progressing. Furthermore, Bateman sets forth the correct procedure and standard, and, as in that case, here, we find that the equities weigh in Plaintiffs' favor.**

## CONCLUSION

Plaintiffs satisfied the Rule 6(b)(1) standard for obtaining an extension of time. First, there is no evidence that Plaintiff's counsel acted in bad faith in seeking the extension to file the motion. To the contrary, almost immediately after learning about the possible delay, counsel "made every possible effort ... to extend the time with Defendants.". The process took a little while, and at the end the negotiations to obtain the stipulation to extend the time came to an end with no affirmative results.

Date:  November 29, 2021                         Respectfully Submitted,

*/s/ J. Morgan Philpot*
J. Morgan Philpot, Esq.
OSB #144811Attorney for
Plaintiffs

/s/John M. Pierce
John M. Pierce, Esq.
(*PHV Admission Pending*)

/s/Ryan Joseph-Gene Marshall
Ryan Joseph-Gene Marshall, Esq.
(*PHV Admission Pending*)

*Attorney for Plaintiffs*