# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FINICUM, et al.,<br><br>            Plaintiffs,<br><br>      vs.<br><br>UNITED STATES OF AMERICA, et al.,<br>            Defendants. | Case No. 2:18-cv-00160 |

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

J. Morgan Philpot (Oregon Bar No. 144811)
morgan@jmphilpot.com
**JM PHILPOT LAW, PLLC**
620 East 100 North
Alpine, UT 84004
(801) 891-4499
*Attorney for Plaintiffs*

John M. Pierce* (*PHV Admission Pending*)
jpierce@piercebainbridge.com
Ryan J. Marshall (*PHV Admission Pending*)
rmarshall@piercebainbridge.com
**PIERCE BAINBRIDGE P.C.**
355 S. Grand Avenue, 44th Floor,
Los Angeles, CA 90071
(213) 400-0725
(424) 285-4943

*Attorney for Plaintiffs*
Lead Counsel*

# TABLE OF CONTENTS

Table of Contents ........................................................................................ i

Table of Authorities ................................................................................... ii

Introduction ............................................................................................... 1

Argument .................................................................................................... 2

    I.    I.Dismissal Under Rule 41(b) Would Be an Abuse of Discretion Because this Court Did Not Give Plaintiffs Prior Warning ................................................. 2

    II.  Dismissal Would Be Improper On the Merits…………………………………3

        A.    A.The Defendants Have Not Established That They Have Been or Will Be Prejudiced .................................................................... 4

        B.    The Court Has Not Considered Alternatives to Dismissal………………7

        C.    The Court's Need to Manage Its Docket Is Neutral………………………9

        D.    The Public Interest Militates Against Dismissal ................................. 9

Conclusion.................................................................................................. 10

# TABLE OF AUTHORITIES

*Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991)……………….....1

*Hamilton v. Neptune Orient Lines, Ltd.,* 811 F.2d 498, 500 (9th Cir. 1987)………...1

*Clear Channel Entm't/Televisa Music Corp. v. Mexico Musical, Inc.,* 252 F. App'x 779, 781 (9th Cir. 2007)……………………………………………………………………...1

*MacFarlane v. Or. Dep't of Human Servs.,* 2018 WL 1702961, at * 3 (D. Or. Mar. 14, 2018) ………………………………………………………………………………...1

*Maciel v. Ramierez-Palmer,* 2006 WL 572917, at *2 (E.D. Cal. Mar. 8, 2006) ……..1

*Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)………………………......2

*In re Daily,* 47 F.3d 365, 368–69 (9th Cir.1995)…………………………………….....3

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993) ………………………………………………………………………………...…….....5

*Hernandez v. City of El Monte,* 138 F.3d 393, 400-01 (9th Cir.1998)………………..6

*In re Eisen,* 31 F.3d 1447, 1452-53 (9th Cir.1994)…………………………………….6

*Yourish v. California Amplifier,* 191 F.3d 983, 991 (9th Cir.1999)…………………..8

*Raiford v. Pounds,* 640 F.2d 944, 945 (9th Cir.1981)……………………………….....8

*Malone v. U.S. Postal Service,* 833 F.2d 128, 131 (9th Cir.1987)……………………8

*Nevijel v. North Coast Life Ins. Co*., 651 F.2d 671, 674 (9th Cir.1981)……………...8

*Hernandez v. City of El Monte,* 138 F.3d 393, 400 (9th Cir.1998)……………………9

*Waller v. Georgia*, 467 U.S. 39, 47 (1984)……………………………………………10

*Nealey v. Transportacion Maritima Mexicana, S. A.,* 662 F.2d 1275, 1280 (9th Cir.1980)……………………………………………………………………………10

## INTRODUCTION

On January 26th, 2016, at approximately 4:40p.m, Robert LaVoy Finicum was traveling along an isolated section of highway in Harney, County Oregon in route to meet with Grant County Sheriff Glenn Palmer. Being heavily associated with both local and national politics, Mr. Finicum invited several Oregon State police officers and FBI officials to accompany him on his trip.

During this trip, along U.S route 395, Mr. Finicum encountered a "Deadmans Roadblock" which had been set-up in anticipation of his arrival by the Oregon State police. Mr. Finicum then exited his truck at the roadblock with his hands in the air in a surrender position. It was at this time that both Mr. Finicum and his truck were fired upon by officers of the Oregon State Police and/or FBI officials, fatally striking LaVoy three times in the back.

This murder of LeVoy Finicum is plainly unlawful under rights Guaranteed by the United States Constitution and is also unlawful under the laws of the United States and the state of Oregon. It is for these reasons, as well as others, that the NCLU, in association with JM Philpot Law LLC, has decided to take on the case of Jeanette Finicum and heirs, in an effort to rectify this grave miscarriage of justice and abuse of power.

In the process of carrying out this effort, a complaint was submitted, to which the court ordered under Rule 41(b) to dismiss the case. This is no correct for the reasons explain below.

## ARGUMENT

### I.   Dismissal Under Rule 41(b) Would Be an Abuse of Discretion Because this Court Did Not Give Plaintiffs Prior Warning

Where—as here—dismissal "is undertaken by the court, sua sponte," "an express warning regarding the possibility of dismissal is a prerequisite to a Rule 41(b) dismissal." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (citing *Hamilton v. Neptune Orient Lines, Ltd.*, 811 F.2d 498, 500 (9th Cir. 1987)). Absent such warning, a sua sponte dismissal is an abuse of discretion. *Id.*; *see Clear Channel Entm't/Televisa Music Corp. v. Mexico Musical, Inc.*, 252 F. App'x 779, 781 (9th Cir. 2007) (recognizing that *Hamilton v. Neptune Oriental Lines* "obligat[ed] district court to warn the plaintiff that dismissal is imminent in order for dismissal to be proper exercise of discretion" (quotation marks omitted)). *See also MacFarlane v. Or. Dep't of Human Servs.*, 2018 WL 1702961, at * 3 (D. Or. Mar. 14, 2018) ("[T]he Ninth Circuit has held that it can be abuse of discretion to dismiss an action for failure to prosecute without first warning the putatively dilatory plaintiff that such dismissal was imminent."); *Maciel v. Ramierez-Palmer*, 2006 WL 572917, at *2 (E.D. Cal. Mar. 8, 2006) (same).

Here, **the Court did not warn the Plaintiffs that it might issue a Rule 41(b) dismissal. Therefore, a dismissal would be improper for that reason alone.**

## II.    Dismissal Would Be Improper On the Merits

When determining whether to dismiss an action for failure to prosecute, "the district court should weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions." *Clear Channel*, 252 F. App'x at 780 (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986) (applying factors to a dismissal under Fed. R. Civ. P. 41(b) for lack of prosecution)).

> In general, the first two of these factors, expeditious resolution of litigation and the district court's need to manage its docket, favor the imposition of sanctions in most cases, while the fourth, disposition of cases on the merits, cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions.

*Id.* (citation and quotation marks omitted).

Relying on the language of Rule 41(b) involuntary dismissal of the proceeding operates as an adjudication on the merits barring the Plaintiff's subsequent suit on the same issue, having the effect of an involuntary dismissal on the plaintiff's cause of action, not the cause of action of a different litigant." An involuntary dismissal generally acts as a judgment on the merits for the purposes of res judicata, regardless of whether the dismissal results from procedural error or from the court's considered examination of the plaintiff's substantive claims. See *In re Daily*, 47 F.3d 365, 368–69 (9th Cir.1995).

3

## A. The Defendants Have Not Established That They Have Been or Will Be Prejudiced

"When determining prejudice we look to whether the plaintiff's actions have impaired the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Id.* at 781. In *Clear Channel*, the defendant claimed to have been prejudiced by the plaintiff's delay because "relevant information ha[d] grown stale." *Id.* The Ninth Circuit found that this "little showing of prejudice" was insufficient, and reversed dismissal of the plaintiff's action. *Id.*

Here, no Defendant has alleged that it was prejudiced by Plaintiffs' delay in filing of the Fourth Amended Complaint (FAC). (*See* ECF 204, 205.) And, while a presumption of prejudice may arise if a delay is unreasonable, *Clear Channel*, 252 F. App'x at 781, no Defendant has alleged that Plaintiffs' delay is unreasonable (*see* ECF 204, 205).

Further, "[w]hether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Clear Channel*, 252 F. App'x at 781 (citation and quotation marks omitted). There, the plaintiff's excuses for delay were a "lack of notice" that its agent "discharged prior counsel," and a lack of notice of the district court's order. *Id.* Though flimsy, these excuses were, "at a minimum," "non-frivolous," and demonstrated that the plaintiff's failure to comply with the court order "was not willful." *Id.*

Here, the Plaintiffs' delay in filing the FAC is, at least in part, a result of the Defendants' dilatory conduct. On November 4, 2021, the Plaintiffs informed the Defendants of their intent to file the FAC; the Defendants agreed to review it and consider withdrawing their motions to dismiss the Third Amended Complaint. The next day, the Plaintiffs sent the FAC to the Defendants for review. It was not until November 8 that the Defendants refused to withdraw their motions to dismiss. By that time, Plaintiffs' counsel was out of town. He will not return until December 9. Thus, the Plaintiffs' delay in filing the FAC was not willful, and the reason for the delay non-frivolous.

Furthermore, in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), the court noted that "were there any evidence of prejudice to petitioner or to judicial administration in this case, or any indication at all of bad faith, we could not say that the Bankruptcy Court abused its discretion in declining to find the neglect to be "excusable." In the absence of such a showing, however, we conclude that the unusual form of no-tice employed in this case requires a finding that the neglect of respondents' counsel was, under all the circumstances, "excusable."

Because the Defendants are not prejudiced and are at least partially at fault for the delayed filing, this factor either is neutral, or militates against dismissal. *Cf. Clear Channel*, 252 F. App'x at 281 (where there was no finding that defendant was partly responsible for delay, prejudice factor "only slightly" favored dismissal).

Moreover, a presumption of prejudice arises from a failure to prosecute, and this factor weighs in favor of dismissal, as well. *Hernandez v. City of El Monte*, 138 F.3d 393, 400-01 (9th Cir.1998). "When considering prejudice to the defendant, the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure.... The law presumes injury from unreasonable delay. However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion." *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir.1994). "[W]here a plaintiff has come forth with an excuse for his delay that is anything but frivolous, the burden of production shifts to the defendant to show at least some actual prejudice. If he does so, the plaintiff must then persuade the court that such claims of prejudice are either illusory or relatively insignificant when compared to the force of his excuse. At that point, the court must exercise its discretion by weighing the relevant factors-time, excuse, and prejudice." Id. at 1453. Although the court finds Edwards' excuse inadequate, thereby deeming it unnecessary for Plaintiffs to show actual prejudice, **the court nonetheless finds that this factor does not weigh strongly in favor of dismissal given the duration of the delay and the prejudice alleged by Plaintiffs,** i .e., the delay has prevented the prompt resolution of this matter. *See Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir.1999) ("[T]he pendency of the lawsuit is not sufficiently

6

prejudicial itself to warrant dismissal ..., provided the prejudice is not compounded by 'unreasonable' delays."). Here, Plaintiffs have not argued that the passage of time is leading to any losses, nor have Plaintiffs argued that the delay has impaired their ability to proceed to trial or threatened to interfere with the rightful decision of the case. *See In re Eisen*, 31 F.3d at 1453 (prejudice usually takes two forms-loss of evidence and loss of memory by a witness, and whether the prejudice is significant will depend on whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case). Accordingly, **this factor does not weigh strongly in favor of dismissal because of the duration of the delay and the lack of prejudice alleged by Defendants**.

## B. The Court Has Not Considered Alternatives to Dismissal

"The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

Here, the Court has not considered or implemented a less drastic alternative to dismissal of the entire action. This "weighs heavily . . . against dismissal." *Clear Channel*, 252 F. App'x at 781. *Cf. Henderson*, 779 F.2d at 1424 (district court sufficiently explored alternatives to dismissal by giving "at least three initial warnings of possible dismissal," then "holding a status conference and establishing a schedule for discovery" at which "the court again warned of dismissal before it took such action.").

Furthermore, this factor weighs against dismissal, particularly since the court has not considered or tried less drastic alternatives to dismissal. *See Hernandez,* 138 F.3d at 401. **"[e]specially when a case is still young [referring to a case that was not quite a year old], 'a district court must consider ... less drastic alternative sanctions' before dismissing."** R*aiford v. Pounds,* 640 F.2d 944, 945 (9th Cir.1981). "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone v. U.S. Postal Service,* 833 F.2d 128, 131 (9th Cir.1987) (internal quotation marks omitted).  Here, because the court has not attempted or tried less drastic alternative sanctions to dismissal, such as warning Plaintiffs of the possibility of dismissal for violating the court's order or allowing Plaintiffs additional time to amend their complaint, this factor weighs against dismissal. *See Yourish,* 191 F.3d at 992 (allowing a party to replead is a less drastic alternative to dismissal if that party has disobeyed a court order by failing to file an amended complaint within the time period allowed by the court); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir.1981) (less drastic alternatives to dismissal under Rule 41(b) include allowing further amended complaints or allowing additional time).

### C. The Court's Need to Manage Its Docket Is Neutral

*MacFarlane* held that "the second factor—the court's need to manage its docket—is neutral" because there was no indication that the case was "consuming a disproportionate share of judicial resources." 2018 WL 1702961,

at *3. Likewise, there is no indication that this case is consuming a disproportionate share of judicial resources.

The court "is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Hernandez v. City of El Monte,* 138 F.3d 393, 400 (9th Cir.1998). Here, while Plaintiff's delay has impeded the efficient management of the court's docket, it has not rendered the court's docket unmanageable.

### D.  The Public Interest Militates Against Dismissal

In this case, the public's interest in expeditious resolution of litigation is lessened, and the public policy favoring disposition of cases on the merits is magnified, because this case deals with misconduct by law enforcement: "The public [has an] interest in vindicating constitutional rights and deterring police misconduct." *Lynch v. City of Alhambra*, 880 F.2d 1122, 1128 (9th Cir. 1989). And, of course, "[t]he public in general . . . has a strong interest in exposing substantial allegations of police misconduct to the salutary effects of public scrutiny." *Waller v. Georgia*, 467 U.S. 39, 47 (1984) (footnote omitted). Dismissal at this state in the litigation would frustrate these strong public interests. Thus, the public interest weighs heavily against dismissal.

In *Nealey v. Transportacion Maritima Mexicana, S. A.,* 662 F.2d 1275, 1280 (9th Cir.1980), "[t]he not simply whether there has been any, but rather whether there has been sufficient delay or prejudice to justify a dismissal of the plaintiff's case.". Here, there is less than a month delay which has NOT

9

interfered with docket management, it has not done so such that there has been significant delay or prejudice to justify dismissal.

Likewise, the public policy favoring disposition of cases on their merits always weighs against dismissal. *Hernandez,* 138 F.3d at 399; *Yourish,* 191 F.3d at 992. Here, Defendants have not advanced any arguments as to why public policy would not favor resolution of this action on the merits.

## CONCLUSION

Dismissal would be an abuse of discretion because the Plaintiffs received no express warning regarding the possibility of a Rule 41(b) dismissal. That is reason enough not to dismiss this case.

Further, dismissal cannot be justified on the merits:

- Of the five factors used to assess the propriety of a Rule 41(b) dismissal, two of them—the public interest in a disposition on the merits and the lack of consideration of alternatives—weigh heavily against dismissal.

- The Defendants have not alleged that they have been prejudiced by delay. And since they are at least partially responsible for Plaintiffs' delayed filing of the FAC, the prejudice factor is neutral. Likewise, the court's need to manage its docket is neutral.

- While the public interest in expeditious litigation may militate in favor of dismissal, it does so only weakly, particularly because of the

10

countervailing public interest in scrutinizing police misconduct allegations.

Accordingly, the Plaintiffs respectfully ask this Court not to dismiss the action.

Date:  November 29, 2021                    Respectfully Submitted,

                                            */s/ J. Morgan Philpot*
                                            J. Morgan Philpot, Esq.
                                            OSB #144811 Attorney for
                                            Plaintiffs

                                            /s/John M. Pierce
                                            John M. Pierce, Esq.
                                            (*PHV Admission Pending*)

                                            /s/Ryan Joseph-Gene Marshall
                                            Ryan Joseph-Gene Marshall, Esq.
                                            (*PHV Admission Pending*)

                                            *Attorney for Plaintiffs*