FILED

NOV 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| D. FINICUM, et al.,<br><br>        Plaintiffs-Appellants,<br><br> v.<br><br>STATE OF OREGON, et al.,<br><br>        Defendants-Appellees. | No.   22-35064<br><br>D.C. No. 2:18-cv-00160-MO<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted November 7, 2022[**]
Portland, Oregon

Before: BUMATAY, SANCHEZ, Circuit Judges, and BAKER,[***] International Trade Judge.

The estate of Robert LaVoy Finicum and his heirs (Plaintiffs) filed a complaint against various county, state, and federal governmental defendants

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

1

(Defendants) under 42 U.S.C. § 1983 and common law for alleged misconduct or negligence that resulted in the shooting death of Finicum. On November 30, 2021, the district court dismissed the action with prejudice under Federal Rule of Civil Procedure 41(b). We review a district court's order dismissing an action for failure to prosecute for an abuse of discretion. *Ash v. Cvetkov*, 739 F.2d 493, 495 (9th Cir. 1984). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

"A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). Additionally, the district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id.* Where, as here, the district court does not make explicit findings relating to the five factors, we review the record independently to determine whether the court abused its discretion. *Henderson*, 779 F.2d at 1424.

1. The public's interest in expeditious resolution of litigation weighs in favor of dismissal. This factor turns on whether there was "unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994). "A reviewing court will give deference

to the district court to decide what is unreasonable because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Id.* (simplified).

The district court did not abuse its discretion when it held that Plaintiffs displayed a "pattern of failing to timely respond to motions or to adequately respond to the Court when so ordered." Plaintiffs failed to timely respond to a motion to dismiss the second amended complaint. Plaintiffs then failed to respond to Defendants' motions to dismiss the third amended complaint within the requisite deadline. Two days after the deadline to respond to these motions passed, the district court issued an order to show cause directing Plaintiffs to explain why the case should not be dismissed for want of prosecution. Rather than follow that order, Plaintiffs instead requested that the court "render [it] moot" by granting leave to file an amended complaint. The district court found this answer unresponsive to its show cause order and denied Plaintiffs' request to amend. Given these facts, the district court did not abuse its discretion in finding unreasonable delay.

2. The second factor, the court's need to manage its docket, weighs in favor of dismissal as well. This factor "is usually reviewed in conjunction with the public's interest in expeditious resolution of litigation to determine if there is unreasonable delay." *Id.* at 1452. The considerations discussed above are applicable

3

to this factor as well.  Unreasonable delay and nonresponsive filings complicate the district court's docket and misdirect judicial resources.

3. The third factor, the risk of prejudice to Defendants, also weighs in favor of dismissal.  "The law presumes injury from unreasonable delay," though that presumption can be rebutted "where a plaintiff has come forth with an excuse for his delay that is anything but frivolous."  *Id.* at 1452–53 (simplified).  Plaintiffs have not provided a non-frivolous excuse to justify their failure to timely respond to the motion to dismiss.  When Plaintiffs finally responded to the show cause order, they explained—without any supporting declarations or affidavits—that after Defendants moved to dismiss on October 28, Plaintiffs informed Defendants on November 4 of their intention to file a Fourth Amended Complaint.  Defendants then agreed to review the draft amended complaint and consider withdrawing their motions.  On November 8—one week before the deadline for Plaintiffs' response—Defendants declined to withdraw their motions to dismiss.  Plaintiffs assert that by that date, their counsel was "out of town" and "would not return until December 15."  Plaintiffs failed to attach any supporting declaration explaining why counsel's trip took priority over timely responding to Defendants' motion or seeking an extension of time.  Based on the record before the district court, counsel's reason for not responding to the Defendants' motions was frivolous.

4. The fourth factor, the public policy favoring disposition of cases on their merits, usually counsels against dismissal. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). But "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct [by not meeting deadlines] impedes progress in that direction." *In re PPA Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). In addition, many of Plaintiffs' claims have already been adjudicated on the merits by the district court, so this factor does not carry significant weight.

5. On the final factor, "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The district court twice gave fair warning to Plaintiffs that they needed to show cause why their case should not be dismissed for failure to timely respond to Defendants' motion. Plaintiffs' response, however, did not provide any factual information to show cause. As such, this factor also weighs in favor of dismissal.

In summary, four of the five factors favor dismissal, and one factor is neutral. Consequently, the district court did not abuse its discretion by dismissing this case for failure to prosecute. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("We may affirm a dismissal where at least four factors support dismissal.") (simplified).

**AFFIRMED.**